**GLENN et al. v. SOUTHERN CAL. EDISON CO., Limited.**

**DRAKE et al. v. SOUTHERN CAL. EDISON CO., Limited.**

Nos. 12070, 12071.

United States Court of Appeals
Ninth Circuit.

Jan. 9, 1951.

As Modified and Amended on Denial of Rehearing Feb. 27, 1951.

David Sokol, Los Angeles, Cal., Pacht, Warne, Ross & Bernhard, Isaac Pacht, Bernard Reich and Henry Attias, Beverly Hills, Cal., for appellants.

Bruce Renwick, Gail C. Larkin, Rollin E. Woodbury, E. W. Cunningham, Norman S. Sterry, Los Angeles, Cal. (Gibson, Dunn &

Crutcher, Los Angeles, Cal., of counsel), for appellee.

William S. Tyson, Sol., Bessie Margolin, Asst. Sol., William A. Lowe, Kay Kimmell, Attys., U. S. Dept. of Labor, Washington, D. C., Kenneth C. Robertson, Regional Atty., U. S. Dept. of Labor, San Francisco, Cal., for Secretary of Labor, U. S. Dept. of Labor, as amicus curiae.

Before STEPHENS, BONE and ORR, Circuit Judges.

STEPHENS, Circuit Judge.

This opinion treats of appeal from the two cases captioned above. They were consolidated for trial and briefing and we have taken our statement of the case from appellants' opening brief but do not use quotation marks for the reason that we have made changes in the text by deletion and addition.

The first complaint [Glenn case only] was filed in the United States District Court March 19, 1945, setting forth an action by employees against their employer for overtime compensation, liquidated damages and attorneys' fees under the Fair Labor Standards Act of 1938, Act of June 25, 1938, c. 676, 52 Stat. 1060, 29 U.S.C.A. § 201 et seq.

Following the enactment of the Portal-to-Portal Act of 1947, Act of May 14, 1947, c. 52, 61 Stat. 84, 29 U.S.C.A. § 251 et seq., plaintiffs, in both the Glenn and Drake cases, filed their amended complaints on September 2, 1947. Issue was joined by the defendant's answer to the pleadings, filed on that date.

These cases concern the right of employees to recover overtime compensation and liquidated damages under the Fair Labor Standards Act of 1938 and the Portal-to-Portal Act of 1947, for work performed by the plaintiffs for the defendant. The work for which compensation is sought was performed prior to May 14, 1947.

Defendant is a public utility engaged in the generation, distribution and sale of electric power in interstate commerce. Plaintiffs, who were employees of the defendant, fell into four categories of employment:

(a) Substation operators and attendants;

(b) Relief substation operators and attendants;

(c) Hydro employees;

(d) Primary service men.

Except for the primary service men, most of the employees worked and lived in remote places on the property of the defendant. They were required to remain on the premises for 24 hours of the work day.

The relief operators and attendants were required to travel from station to station and stay overnight away from their homes and families for one or more days at a time.

The primary service men worked generally on 8-hour shifts, and were paid monthly salaries on a basis of 5 days, 40-hour week, but at the termination of the particular shift, they were required to remain at their homes or upon telephone call from other places, in order to be available to respond to emergency calls. They were paid time and a half for "call-outs."

Plaintiffs contend that they are entitled to 24 hours of pay for each day that they were on call. Defendant contends that it may divide the duties of plaintiffs into "active" for the 8-hour shifts and overtime work for the "on call" periods.

Plaintiffs contend that they are entitled to compensation for active and so-called inactive services, both under the Fair Labor Standards Act of 1938 and the Portal-to-Portal Act of 1947. They contend that throughout the 24 hours the activities were the same and that there cannot be a distinction made between active and inactive duties. On the other hand, defendant contends that they were separable inactive services which were not compensable under the Portal-to-Portal Act.

Plaintiffs were of the opinion that a summary judgment should be entered as to a portion of the relief prayed for and made a motion for such an order and supported it by affidavits. The trial court denied the motion. The defendant thought a proceeding for summary judgment would reveal facts conclusively showing that its defense under the Portal-to-Portal Act was

good, hence presented such a motion supported by affidavits. The trial court granted the motion and entered judgment dismissing the cases upon the ground that the facts shown proved that the Portal-to-Portal Act deprived the court of jurisdiction. Whether the pleading be termed a motion to dismiss or for judgment by summary proceedings is of no great importance. Lane Bryant, Inc., v. Maternity Lane, Ltd., 9 Cir., 1949, 173 F.2d 559, 562.

There is no question but that the Portal-to-Portal Act constitutes a complete defense to both actions if it applies. Its application depends upon whether the employment, by the express terms of a written or unwritten contract, requires pay for what has been termed the inactive periods, 29 U.S.C.A. § 252(a) (1), or whether there was a custom or practice in effect, at the time of such activity, at the establishment or other place where such employee was employed, that such activity was to be compensated. 29 U.S.C.A. § 252(a) (2). We quote applicable portions of the Portal-to-Portal Act in the margin.[1]

1. Part I, Section 1, of the Portal-to-Portal Act of 1947 declares: "The Congress hereby finds that the Fair Labor Standards Act of 1938, as amended, has been interpreted judicially in disregard of long-established customs, practices, and contracts between employers and employees, thereby creating wholly unexpected liabilities, immence in amount and retroactive in operation, upon employers with the results that, if said Act as so interpreted or claims arising under such interpretation were permitted to stand, (1) the payment of such liabilities would bring about financial ruin of many employers and seriously impair the capital resources of many others, thereby resulting in the reduction of industrial operations, halting of expansion and development, curtailing employment, and the earning power of employees; (2) the credit of many employers would be seriously impaired; (3) there would be created both an extended and continuous uncertainty on the part of industry, both employer and employee, as to the financial condition of productive establishments and a gross inequality of competitive conditions between employers and between industries; (4) employees would receive windfall payments, including liquidated damages, of sums for activities performed by them without any expectation of reward beyond that included in their agreed rates of pay; * * *."

Section 2 of the Act, dealing with existing claims, reads:

"(a) No employer shall be subject to any liability or punishment under the Fair Labor Standards Act of 1938, as amended, the Walsh-Healey Act, or the Bacon-Davis Act (in any action or proceeding commenced prior to or on or after the date of the enactment of this Act), on account of the failure of such employer to pay an employee minimum wages, or to pay an employee overtime compensation, for or on account of any activity of an employee engaged in prior to the date of the enactment of this Act, except an activity which was compensable by either—

(1) an express provision of a written or nonwritten contract in effect at the time of such activity, between such employee, his agent, or collective-bargaining representative and his employer; or

(2) a custom or practice in effect, at the time of such activity, at the establishment or other place where such employee was employed, covering such activity, not inconsistent with a written or nonwritten contract, in effect at the time of such activity, between such employee, his agent, or collective-bargaining representative and his employer.

"(b) For the purposes of subsection (a), an activity shall be considered as compensable under such contract provision or such custom or practice only when it was engaged in during the portion of the day with respect to which it was so made compensable.

"(c) In the application of the minimum wage and overtime compensation provisions of the Fair Labor Standards Act of 1938, as amended, of the Walsh-Healey Act, or of the Bacon-Davis Act, in determining the time for which an employer employed an employee there shall be counted all that time, but only that time, during which the employee engaged in activities which were compensable within the meaning of subsections (a) and (b) of this section.

"(d) No court of the United States, or of any State, Territory, or possession of the United States, or of the District of Columbia, shall have jurisdiction of any action or proceeding, whether instituted prior to or on or after the date of the enactment of this Act, to enforce liability or impose punishment for or on account of the failure of the employer to pay minimum wages or overtime compensation under the Fair Labor Stand-

Rule 56, Fed.Rules Civ.Proc. 28 U.S.C.A. provides that the trial court may award summary judgment after motion, notice and hearing, provided the pleadings, depositions, admissions and affidavits on file, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See, Kennedy v. Silas Mason Co., 1948, 334 U.S. 249, 252, note 4, 68 S. Ct. 1031, 92 L.Ed. 1347; Lane Bryant, Inc., v. Maternity Lane, Ltd., supra.

We have considered the affidavits together with the pleadings herein and find a wide difference of fact statements bearing upon the terms of the employment and the required duties of the employees. From the affidavits of defendant it may be taken that the so-called inactive periods are so seldom broken into that they are quite incidental and only occasionally disturb the employee's occupation for the off-shift time. From affidavits of plaintiffs it may be taken that the interruptions by telephone and other kinds of calls are so often throughout the day and night as to seriously affect the employees' health. These conflicts cannot be resolved upon summary proceedings. It is only upon findings of fact, after a regular adversary trial, as to just what the duties of the employees were and how they were to be compensated, that a conclusion can be drawn that there was or was not an express contract covering both so-called active and inactive service; or that the whole service rendered was of one and the same nature. Although the services rendered upon "call-outs" may have been in kind the same as rendered on regular shifts, do regular shift services and "call-out" services constitute but one kind of service in the light of the Fair Labor Standards Act as amended by the Portal-to-Portal Act? Of course the judgment cannot be affirmed upon the idea that the court resolved the conflicts created by the evidence, because there was no agreement that the issues were to be tried upon affidavits.

We do not find the decisions in anything like uniformity in the application of the Portal-to-Portal Act and we think the facts of the instant cases should be determined in detailed findings after a thorough trial. Only after a judgment so based do we care to construe the effect of the Portal-to-Portal Act for the parties in these cases or for future guidance of counsel and courts including ourselves.

As a summary judgment the judgment cannot be affirmed since the resolving of material issues were dependent upon conflicting and indeterminative evidence. As a judgment of dismissal for the lack of jurisdiction it cannot be affirmed since decision as to jurisdiction depends upon the resolving of the same conflicts and indeterminative effect of the evidence.[2]

Reversed and remanded.

ards Act of 1938, as amended, under the Walsh-Healey Act, or under the Bacon-Davis Act, to the extent that such action or proceeding seeks to enforce any liability or impose any punishment with respect to an activity which was not compensable under subsections (a) and (b) of this section. * * * "

2. The case which precipitated the Portal-to-Portal Act was of course Anderson v. Mt. Clemens Pottery Co., 1946, 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515. See Biggs v. Joshua Hendy Corp., 9 Cir., 1950, 183 F.2d 515; Michigan Window Cleaning Co. v. Martino, 6 Cir., 1949, 173 F.2d 466; Teller, Labor Disputes and Collective Bargaining, 1950 Supp., § 406D, p. 206; Thompson v. F. W. Stock & Sons, Inc., D.C.E.D.Mich., 1950, 93 F.Supp. 213; Knudsen v. Lee & Simmons, Inc., D.C.S.D.N.Y.1949, 89 F.Supp. 400; Central Missouri Tel. Co. v. Conwell, 8 Cir., 1948, 170 F.2d 641. See also, Armour & Co. v. Wantock, 1944, 323 U.S. 126, 133, 65 S.Ct. 165, 89 L.Ed. 118, and Skidmore v. Swift & Co., 1944, 323 U.S. 134, 65 S.Ct. 161, 89 L.Ed. 124, decided before the enactment of Portal-to-Portal Act, but of interest.