**WILLIAMS et al. v. MINNESOTA MIN-
ING & MANUFACTURING
CO. et al.**

Civ. No. 14186.

United States District Court,
S. D. California, Central Division.

March 5, 1953.

William R. Walsh, Los Angeles, Cal., for plaintiffs.

Chase, Rotchford, Downen & Drukker, Los Angeles, Cal., for defendant Minnesota Mining & Manufacturing Co.

Herlihy & Herlihy, Los Angeles, Cal., for defendant Midland Rubber Co.

Walter S. Binns, U. S. Atty., Clyde C. Downing, Asst. U. S. Atty., Max F. Deutz, Asst. U. S. Atty., Los Angeles, Cal., for defendant United States.

MATHES, District Judge.

By this action plaintiffs seek recovery of damages for alleged wrongful deaths claimed to have resulted proximately from the asserted negligence of defendants. Jurisdiction of this court as to claims against defendants Midland Rubber Corporation and Minnesota Mining & Manufacturing Company is invoked upon the basis of diversity of citizenship. 28 U.S.C. § 1332.

It is alleged in the amended complaint that the deaths occurred in a synthetic-rubber manufacturing plant located at Torrance, California; that "defendant Minnesota Mining & Manufacturing Company and defendant United States of America * * * were associated together in the manufacturing of synthetic rubber and synthetic rubber products in said plant, the exact relationship between the said defendants * * * being unknown to plaintiffs"; that "defendant Midland * * * operated said plant for and on behalf of defendants Minnesota * * * and United States * * * as their duly authorized agents"; that "said decedents were employees of defendant Midland * * * and were acting as such within the scope, purpose and duties of their employment" at the time the deaths occurred "as a direct and proximate result of the negligence * . * * of defendants and each of them * * * ."

■ Defendant Midland presents two motions: (1) for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C., and (2) to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure, upon the ground *inter alia* that this court "lacks jurisdiction over the subject matter of the action as to said defendant * * * ." Although plaintiffs have not demanded judgment against Midland in the amended complaint, the motions are to be considered as if such relief were included in the prayer. See Fed.R.Civ.P. 54(c); Schoonover v. Schoonover, 10 Cir., 1949, 172 F.2d 526, 530; 3 Barron & Holtzoff, Federal Practice and Procedure (Rules Edition) § 1213 (1950).

It is urged in aid of both motions that since "the fatal injuries of both decedents arose out of and occurred in the course of their employment by Midland * * * both the employer and the employees were subject to the Workmen's Compensation * * * Laws of * * * California

* * * [which] provide that under the circumstances alleged in the amended complaint the exclusive claim on account of a fatal injury arising out of and occurring in the course of the employment, is for Workmen's Compensation benefits and * * * the Industrial Accident Commission is the judicial tribunal vested with exclusive jurisdiction to adjudicate any such claim * * * ." Cal.Labor Code, §§ 3600, 3601, 3706, 5300.

Affidavits filed in support of the motion for summary judgment set forth facts disclosing that at the time of the incident giving rise to this action, defendant Midland was insured as to claims asserted under the Workmen's Compensation laws of California, Cal.Labor Code, §§ 3600, 3706, and the "conditions of compensation" under California Labor Code, §§ 3201 et seq. existed, Cal.Labor Code § 3600; with the result, it is averred, that the rights of plaintiffs against defendant Midland are limited to statutory compensation, and the Industrial Accident Commission is, by California law vested with exclusive jurisdiction over plaintiffs' claims as to Midland. Cal.Labor Code, §§ 3601, 5300.

In opposition to the motion for summary judgment, plaintiffs point out that the amended complaint tenders a genuine issue not only as to the material fact of negligence, but also as to whether or not defendant Midland was acting as agent for defendants United States and Minnesota. Cf. Arnstein v. Porter, 2 Cir., 1946, 154 F.2d 464, 471–472.

▮ To the extent that inconsistency or other conflicts between the affidavits and the amended complaint raise issues of fact, this court may not ordinarily resolve the conflict upon a motion for summary judgment. Fountain v. Filson, 1949, 336 U.S. 681, 683, 69 S.Ct. 754, 93 L.Ed. 971; Kennedy v. Silas Mason Co., 1948, 334 U.S. 249, 256–257, 68 S.Ct. 1031, 92 L.Ed. 1347; United States v. Dollar, 9 Cir., 1952, 196 F.2d 551; Miller v. Miller, 1941, 74 App. D.C. 216, 122 F.2d 209, 212; 3 Barron & Holtzoff, supra, § 1231.

The first problem here is whether this general rule applies when the summary judgment sought is one of dismissal for lack of jurisdiction.

▮ It is but aphoristic to recall that this court possesses only such jurisdiction as has been conferred by statute, U.S.Const. art. III; Lockerty v. Phillips, 1943, 319 U.S. 182, 187, 63 S.Ct. 1019, 87 L.Ed. 1339, and jurisdiction is the threshold issue in every case in the federal courts. Mansfield C. & L. M. Railway Co. v. Swan, 1884, 111 U.S. 379, 382, 4 S.Ct. 510, 28 L.Ed. 462; State of Rhode Island v. Com. of Massachusetts, 1838, 12 Pet. 657, 37 U.S. 657, 720, 9 L.Ed. 1233; Brown v. Keene, 1834, 8 Pet. 112, 33 U.S. 112, 8 L.Ed. 885; Capron v. Van Noorden, 1804, 2 Cranch 126, 6 U.S. 126, 2 L.Ed. 229.

"This question the court is bound to ask and answer for itself, even when not otherwise suggested * * * ." Mansfield C. & L. M. Railway Co. v. Swan, supra, 111 U.S. at page 382, 4 S.Ct. at page 511, 28 L.Ed. 462; Clark v. Paul Gray, Inc., 1939, 306 U.S. 583, 588, 59 S.Ct. 744, 83 L.Ed. 1001; St. Paul Mercury Ind. Co. v. Red Cab Co., 1938, 303 U.S. 283, 287–290, 58 S.Ct. 586, 82 L.Ed. 845; McNutt v. Gen. Motors, etc., Corp., 1936, 298 U.S. 178, 184–189, 56 S.Ct. 780, 80 L.Ed. 1135; Robinson v. Anderson, 1887, 121 U.S. 522, 7 S.Ct. 1011, 30 L.Ed. 1021; Williams v. Nottawa, 1881, 104 U.S. 209, 211, 26 L.Ed. 719.

▮ Thus it is to be accepted as axiomatic that a court has power to determine in every case whether the prerequisites to jurisdiction in fact exist. Texas & P. R. v. Gulf, etc., R. Co., 1926, 270 U.S. 266, 274, 46 S.Ct. 263, 70 L.Ed. 578.

A necessary corollary is that jurisdictional issues in each case are properly triable to the court. North Pac. S. S. Co. v. Soley, 1921, 257 U.S. 216, 221–223, 42 S.Ct. 87, 66 L.Ed. 203; Gilbert v. David, 1915, 235 U.S. 561, 566–568, 35 S.Ct. 164, 59 L.Ed. 360; Wetmore v. Rymer, 1898, 169 U.S. 115, 120–122, 18 S.Ct. 293, 42 L.Ed. 682; Taylor v. Hubbell, 9 Cir., 1951, 188 F.2d

106, 109. But as yet there has never been prescribed "any particular mode in which the question of * * * jurisdiction is to be brought to the attention of the court, nor how such question, when raised, shall be determined." Wetmore v. Rymer, supra, 169 U.S. at page 120, 18 S.Ct. at page 295, 42 L.Ed. 682.

Rule 12(d) contemplates a "preliminary hearing" and determination of jurisdictional issues in advance of the trial. Fed.R.Civ.P. rule 12(d); Stauffer v. Exley, 9 Cir., 1950, 184 F.2d 962, 967; 2 Moore's Federal Practice § 12.16 (2d ed. 1948). And the Supreme Court has declared that: "As there is no statutory direction for procedure upon an issue of jurisdiction, the mode of its determination is left to the trial court." Gibbs v. Buck, 1939, 307 U.S. 66, 71–72, 59 S.Ct. 725, 729, 83 L.Ed. 1111; cf. Gulbenkian v. Gulbenkian, D.C.S.D.N.Y. 1940, 33 F.Supp. 19, 1940.

As a general rule therefore the trial court may, in its discretion, hear and determine issues of fact as to jurisdiction by receiving oral testimony and other evidence Gilbert v. David, supra, 235 U.S. at pages 566, 568, 35 S.Ct. 164, 59 L.Ed. 360, or by receiving and weighing affidavits, KVOS, Inc. v. Associated Press, 1936, 299 U.S. 269, 277–278, 57 S.Ct. 197, 81 L.Ed. 183; Mechanical Appliance Co. v. Castleman, 1910, 215 U.S. 437, 440–441, 445–446, 30 S.Ct. 125, 54 L.Ed. 272; Wetmore v. Rymer, supra, 169 U.S. at page 119, 18 S.Ct. 293, 42 L.Ed. 682; Fed.R. Civ.P. rule 43(a, e).

To borrow language from Land v. Dollar, 1947, 330 U.S. 731, 735, note 4, 67 S.Ct. 1009, 1011, 91 L.Ed. 1209, "when a question of the District Court's jurisdiction is raised, either by a party or by the court on its own motion * * * Federal Rules Civil Procedure, rule 12(b), * * * the court may inquire by affidavits or otherwise, into the facts as they exist."

Whether the question be raised by motion or plea or answer of a party, see Steigleder v. McQuesten, 1905, 198 U.S. 141, 25 S.Ct. 616, 49 L.Ed. 986; Coal Co. v. Blatchford, 1870, 11 Wall. 172, 78 U.S. 172, 178, 20 L.Ed. 179; Smith v. Kernochen, 1849, 7 How. 198, 48 U.S. 198, 12 L.Ed. 666, the burden of proof always rests upon the party asserting existence of jurisdiction. KVOS, Inc. v. Associated Press, supra, 299 U.S. at page 278, 57 S.Ct. 197, 81 L.Ed. 183; McNutt v. Gen. Motors, etc., Corp., supra, 298 U.S. at pages 187–190, 56 S.Ct. 780, 80 L.Ed. 1135; Seslar v. Union Local 901, 7 Cir., 1951, 186 F.2d 403, 407, certiorari denied, 1950, 341 U.S. 940, 71 S.Ct. 1000, 95 L.Ed. 1367; 1 Barron & Holtzoff, supra, § 352 (1952 Supp.). That is to say, it is incumbent upon any party who invokes the jurisdiction of a federal court to establish by a preponderance of evidence all facts "upon which the court's jurisdiction depends". Fed.R. Civ.P. rule 8(a).

After weighing affidavits and other evidence received upon an inquiry into the facts as to jurisdiction, the court properly makes findings as to the existence or nonexistence of requisite jurisdictional facts and draws conclusions of law upon which to predicate its order. Fed.R.Civ.P. rule 43(a, e); id. 41(b); id. 52(a).

Where, as at bar, a motion for summary judgment is employed to challenge the court's jurisdiction, there appears no basis in reason to depart from the general rule that the trial court may determine issues as to jurisdictional facts by weighing affidavits against allegations to the contrary. Cf. Central Mexico L. & P. Co. v. Munch, 2 Cir., 1940, 116 F.2d 85, 87.

This view finds support in the circumstance that a rational distinction is readily drawn between a motion for summary judgment upon the merits where the problem is whether a claim or cause of action is established without "genuine issue as to any material fact", Fed.R.Civ.P. rule 56 (c), or whether a claim is or can be stated upon which relief can be granted and " 'matters outside the pleadings are presented' ", see Lane Bryant, Inc. v. Maternity Lane, 9 Cir., 1949, 173 F.2d 559, 562, Fed.R.Civ.P. rule 12(b), and a motion for summary judgment of dismissal not

operating as "an adjudication upon the merits" Fed.R.Civ.P. rule 41(b), where the problem is whether the court has any jurisdiction to render a judgment upon the merits. Fed.R.Civ.P. rule 12(b) (1, 2).

It is recognized on the other hand that while interpretation is always subject to the mandate that the rules "shall be construed to secure the just, speedy, and inexpensive determination of every action", Fed.R.Civ.P. rule 1, the language of Rule 56 *ex facie* seems to contemplate denial of all motions for summary judgment—whether upon the merits or not—in every case where there exists a "genuine issue as to any material fact". Fed.R. Civ.P. rule 56(c, d), Notes of Advisory Committee as to Rule 56, 28 U.S.C.A. notes 155–156 (1950). And it is declared in Fountain v. Filson, supra, 336 U.S. at page 683, 69 S.Ct. 754, 756, 93 L.Ed. 971, that: "Summary judgment may be given, under Rule 56, only if there is no dispute as to any material fact."

The "genuine issue" clause of Rule 56, moreover, bestows a specialized character upon motions for summary judgment which could well serve as a policy basis for limiting such motions to cases where a judgment upon the merits is sought. Thus to limit the scope of motions for summary judgment would seem preferable to the practice of entertaining such motions and applying the "genuine issue" clause where the judgment sought would not operate as "an adjudication upon the merits." Fed. R.Civ.P. rule 41(b). Indeed, other provisions in the Rules indicate that such a limitation was intended. See: Fed.R.Civ.P. rule 12(b, c, h); 41(a) (1); Notes of Advisory Committee on Rules, 28 U.S.C.A. Rule 12, notes 337–339, Rule 41, note 380 (1950).

The Court of Appeals for the Ninth Circuit has found the "genuine issue" clause to require that a motion for summary judgment of dismissal for lack of jurisdiction cannot be granted where there is "genuine issue as to any material fact". Glenn v. Southern Cal. Edison Co.,

9 Cir., 1951, 187 F.2d 318, 321. The opinion explains: "We have considered the affidavits together with the pleadings herein and find a wide difference of fact statements * * *. These conflicts cannot be resolved upon summary proceedings. * * * the judgment cannot be affirmed upon the idea that the court resolved the conflicts * * * because there was no agreement that the issues were to be tried upon affidavits." 187 F.2d at page 321.

The considerations mentioned and the rationale of Glenn v. So. Cal. Edison Co., supra, 187 F.2d at page 321, dictate the conclusion that the correct procedure in the case at bar would be to deny the motion for summary judgment of dismissal and turn to Midland's companion motion to dismiss for "lack of jurisdiction over the subject matter". Fed.R.Civ.P. rule 12(b) (1).

This course makes it necessary to confront certain dicta in the Glenn case, namely: "Whether the pleading be termed a motion to dismiss or for judgment by summary proceedings is of no great importance. Lane Bryant, Inc., v. Maternity Lane, Ltd., [supra] * * *. As a summary judgment the judgment cannot be affirmed since the resolving of material issues were dependent upon conflicting and indeterminative evidence. As a judgment of dismissal for the lack of jurisdiction it cannot be affirmed since decision as to jurisdiction depends upon the resolving of the same conflicts and indeterminative effect of the evidence." [187 F.2d at pages 320, 321.]

It is one thing to construe Rule 56 as providing that no motion for a summary judgment—not even a summary judgment grounded upon lack of jurisdiction—may be granted in any case where there exists a "genuine issue as to any material fact." But with all deference, to apply the same rule to a motion to dismiss for lack of jurisdiction involves different considerations of both reason and policy.

█ All facts "upon which the court's jurisdiction depends", Fed.R.Civ.P. rule 8(a), are material facts, and all issues

raised as to such jurisdictional facts are material issues. Hence literal application of the dicta just quoted from the Glenn case would impinge upon the general rule that "when a question of * * * jurisdiction is raised * * * the court may inquire by affidavits or otherwise, into the facts as they exist." Land v. Dollar, supra, 330 U.S. at page 735, note 4, 67 S.Ct. at page 1011, 91 L.Ed. 1209; KVOS, Inc. v. Associated Press, supra, 299 U.S. at pages 277–278, 57 S.Ct. 197, 81 L.Ed. 183; Mechanical Appliance Co. v. Castleman, supra, 215 U.S. at pages 440–441, 445–446, 30 S.Ct. 125, 54 L.Ed. 272; Wetmore v. Rymer, supra, 169 U.S. at page 119, 18 S.Ct. 293, 42 L.Ed. 682.

That no such departure was intended in Glenn v. Southern Cal. Edison Co., supra, 9 Cir., 187 F.2d 318, is indicated by the earlier statement in Lane Bryant, Inc. v. Maternity Lane, supra, 9 Cir., 173 F.2d at page 562 that: "The court may * * * test its jurisdiction by aid of affidavits."

The Lane Bryant case is cited as authority for the dictum in Glenn that: "Whether the pleading be termed a motion to dismiss or for judgment by summary proceedings is of no great importance." The difference in name was unimportant in Lane Bryant where the motion was to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted" and affidavits were filed and considered by the court in support of the motion, 173 F.2d at page 561, since Rule 12(b) expressly provides that: "If, on a motion * * * to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 * * * *"— i. e., as a motion for summary judgment upon the merits. Fed.R.Civ.P. 12(b); cf. Polk Company v. Glover, 1938, 305 U.S. 5, 9, 59 S.Ct. 15, 83 L.Ed. 6.

■ By way of contrast to Lane Bryant, the motion in the Glenn case was for a summary judgment of dismissal for lack of jurisdiction—a judgment which does not operate "as an adjudication upon the merits." Fed.R.Civ.P. rule 41(b).

Central Mexico L. & P. Co. v. Munch, supra, 2 Cir., 116 F.2d 85, decided prior to adoption of the provision of Rule 12(b), 329 U.S. 839, 849 (1947), last above quoted, involved procedural problems closely analogous to those in Lane Bryant and Glenn. Defendant Munch there moved for summary judgment and in two separate affidavits raised the question of jurisdiction. Other defendants filed a motion to dismiss for want of jurisdiction, having asserted in their answer that the court lacked jurisdiction because the requisite amount was not in controversy.

Upon appeal from judgments upon the merits granting defendants' motions to dismiss, the court said: "It is not important whether the objection is called a motion to dismiss or one for summary judgment. Since the same relief is sought, the difference in name is unimportant. In any event, the affidavits presented are available on either motion. * * * The judgments are therefore modified to state that the action is dismissed for want of jurisdiction [i. e. not upon the merits] * * * rather than for failure of the complaint to state a cause of action [i. e. upon the merits] * * *; as modified, they are affirmed." [116 F.2d 87, 90.]

■ The Federal Rules of Civil Procedure clearly authorize the determination of motions predicated upon facts found from evidence presented to the court in the form of affidavits. See Fed.R.Civ.P. rules 6(d), 12(b), 43(e), 56(e, f, g); Young v. Garrett, 8 Cir., 1945, 149 F.2d 223; Urquhart v. American-La France, etc., Corp., 1944, 79 U.S.App.D.C. 219, 144 F.2d 542, certiorari denied, 1944, 323 U.S. 783, 65 S.Ct. 273, 89 L.Ed. 625; Am. Ins. Co. v. Bradley Min. Co., D.C.N.D.Cal.1944, 57 F. Supp. 545; cf. Eccles v. Peoples Bank, 1948, 333 U.S. 426, 434, 68 S.Ct. 641, 92 L. Ed. 784.

Rule 43(e), entitled "Evidence on Motions", declares without qualification that: "When a motion is based on facts not ap-

pearing of record the court may hear the matter on affidavits presented by the respective parties, but the court may direct that the matter be heard wholly or partly on oral testimony or depositions."

Notwithstanding Rule 43(e), in Land v. Dollar, supra, 330 U.S. at page 735, 67 S. Ct. at page 1011, 91 L.Ed. 1209, the Supreme Court, after observing that "as a general rule the District Court would have authority to consider questions of jurisdiction on the basis of affidavits as well as the pleadings," declared that this general ·rule would not apply in "the type of case where the question of jurisdiction is dependent on decision of the merits." Compare Miles v. United States, 1880, 103 U.S. 304, 313–316, 26 L.Ed. 481.

Glenn v. Southern Cal. Edison Co., supra, 9 Cir., 187 F.2d 318, involved the unique jurisdictional issues raised by the anomalous provisions of the Portal-to-Portal Act of 1947. 29 U.S.C.A. § 252(d). So if in any case "the question of jurisdiction is dependent on decision of the merits" and Land v. Dollar is such a case, a fortiori the Glenn case is also.

Thus explained, the Glenn case may be termed, like Land v. Dollar, an exception —albeit, with due respect, a needless and confusing exception—to the general rule.

For reasons suggested above, considerations of policy may well argue that Rule ·56 should be entitled "Summary Judgment upon the Merits" rather than merely "Summary Judgment." Since other tools in the form of other motions are available under the Rules where the judgment sought does ·not operate as "an adjudication upon the merits", Fed.R.Civ.P. rule 41(b), the "gen ·uine issue" clause of Rule 56 affords good' reason to limit summary judgment procedures to motions for judgment upon the merits.· See Fed.R.Civ.P. rules 12(b, d, g, h), 43(a, e).

· But with all deference it is difficult to perceive either policy or reason to sustain the view that issues of fact as to jurisdiction may not be determined summarily ·from conflicting evidence, e. g., by receiving and weighing conflicting affidavits, upon the hearing of a motion to dismiss for lack of jurisdiction.

. The rules plainly contemplate such a summary hearing and determination. See Fed.R.Civ.P. rules 12(b, d, g, h), 43(a, e). And the authorities approve it. See KVOS, Inc. v. Associated Press, supra, 299 U.S. at pages 277–278; 57 S.Ct. 197, 81 L.Ed. 183; Mechanical Appliance Co. v. Castleman, supra, 215 U.S. at pages 440–441, 445–446, 30 S.Ct. 125, 54 L.Ed. 272; Wetmore v. Rymer, supra, 169 U.S. at page 119, 18 S.Ct. 293, 42 L.Ed. 682.

Moreover, the speedy device of a motion to dismiss is an especially appropriate method of disposing of jurisdictional issues, since a dismissal for lack of jurisdiction does not operate as "an adjudication upon the merits." Fed.R.Civ.P. rule 41(b).

■ The long-settled general rule is that a judgment of dismissal for want of jurisdiction is not res judicata as a final decision upon the merits, and consequently does not operate as a bar to a subsequent action before some appropriate tribunal. Southern Pacific Co. v. Bogert, 1919, 250 U.S. 483, 490, 39 S.Ct. 533, 63 L.Ed. 1099; Smith v. McNeal, 1883, 109 U.S. 426, 429–430, 3 S.Ct. 319, 27 L.Ed. 986; Hughes v. United States, 1866, 4 Wall. 232, 71 U.S. 232, 237, 18 L.Ed. 303; Walden v. Bodley, 1840, 14 Pet. 156, 39 U.S. 156, 161, 10 L. Ed. 398; Meyer v. Kansas City So. R. Co., 2 Cir., 1936, 84 F.2d 411, 415; Bunker-Hill & Sullivan Min. & C. Co. v. Shoshone Min. Co., 9 Cir., 1901, 109 F. 504, 507; cf. National Labor Relations Board v. Denver Bldg. Council, 1951, 341 U.S. 675, 681–683, 71 S. Ct. 943, 95 L.Ed. 1284; Sacks v. Stecker, 2 Cir., 1932, 62 F.2d 65, 67; Miller v. Standard Oil Co., D.C.N.D.Ill.1952, 104 F. Supp. 946, 948; Ripperger v. A. C. Allyn & Co., D.C.S.D.N.Y.1940, 37 F.Supp. 373, 374; see also Restatement, Judgments §§ 41(b), 49(a), 50(b), 51(b), 59(b) (1942); and for a case involving a prior dismissal based upon an issue of law, see Angel v. Bullington, 1947, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832; cf. Forsyth v. City of

Hammond, 1897, 166 U.S. 506, 517–518, 17 S.Ct. 665, 41 L.Ed. 1095; Restatement, Judgments §§ 49(b), 70 (1942).

■ The same rule applies for like reasons to orders made prior to a determination of lack of jurisdiction. Such provisional or interlocutory adjudications are held not to be res judicata in a subsequent proceeding. Sachs v. Ohio Nat. Life Ins. Co., 7 Cir., 1945, 148 F.2d 128, 158 A.L.R. 688, certiorari denied, 1945, 326 U.S. 753, 66 S.Ct. 92, 90 L.Ed. 452; Restatement, Judgments § 71 (1942).

So, also, with respect to findings as to jurisdictional facts made incident to a determination of lack of jurisdiction. These are held not to be res judicata so as to estop a party to assert the contrary in a collateral proceeding, since the collateral estoppel doctrine is not applicable to such "incidental" determinations of fact. Restatement, Judgments § 71 (1942); Scott, Collateral Estoppel by Judgment, 56 Harv. L.Rev. 1, 18–22 (1942); see City of Hammond v. Schappi Bus Line, 1927, 275 U.S. 164, 172, 48 S.Ct. 66, 72 L.Ed. 218; East Coast Lumber Terminal v. Town of Babylon, 2 Cir., 1949, 174 F.2d 106, 112, 8 A.L.R. 2d 1219; see also Commissioner v. Sunnen, 1949, 333 U.S. 591, 601–602, 68 S.Ct. 715, 92 L.Ed. 898; Restatement, Conflicts § 614, Illustrations 1 and 2 (1934); cf. Stoll v. Gottlieb, 1938, 305 U.S. 165, 171–177, 59 S.Ct. 134, 83 L.Ed. 104; Baldwin v. Iowa State Traveling Men's Ass'n, 1931, 283 U.S. 522, 524–526, 51 S.Ct. 517, 75 L.Ed. 737; Chicago Life Ins. Co. v. Cherry, 1917, 244 U.S. 25, 37 S.Ct. 492, 61 L.Ed. 966. Contra: Simmons v. Superior Court, 1950, 96 Cal.App.2d 119, 125, 214 P.2d 844, 849, 19 A.L.R.2d 288; cf. Restatement, Judgments § 71(e) (1942).

There is, furthermore, nothing unusual about the jurisdictional issues in the case at bar which would warrant an exception to the general rule that the court has "authority to consider questions of jurisdiction on the basis of affidavits as well as the pleadings." This is but to say that whatever may have been the situation in Land v. Dollar, there is no factual or other basis for holding here that "the question of jurisdiction is dependent on decision of the merits." Land v. Dollar, supra, 330 U.S. at page 735, 67 S.Ct. at page 1011, 91 L.Ed. 1209.

■ Plaintiffs' cause of action as to Midland does not arise under the Constitution, laws or treaties of the United States, but rather has its genesis in state law. "Since that cause of action is created by local law, the measure of it is to be found only in local law. It carries the same burden and is subject to the same defenses in the federal court as in the state court." Ragan v. Merchants Transfer, etc., Co., 1949, 337 U.S. 530, 533, 69 S.Ct. 1233, 1235, 93 L.Ed. 1520.

■ Hence federal jurisdiction, otherwise existent over the subject matter of a state cause of action, is to be disavowed, unless the state court vested with jurisdiction of claims of comparable nature and amount would have power to hear and determine such claims under like circumstances. See Woods v. Interstate Realty Co., 1949, 337 U.S. 535, 69 S.Ct. 1235, 93 L. Ed. 1524; Angel v. Bullington, supra, 330 U.S. at pages 186–189, 191, 192, 67 S.Ct. 657, 91 L.Ed. 832; Guaranty Trust Co. v. York, 1945, 326 U.S. 99, 108–110, 65 S.Ct. 1464, 89 L.Ed. 2079; Palmer v. Hoffman, 1943, 318 U.S. 109, 117–118, 63 S.Ct. 477, 87 L.Ed. 645; Griffin v. McCoach, 1941, 313 U.S. 498, 503, 506–507, 61 S.Ct. 1023, 85 L.Ed. 1481; Klaxon Co. v. Stentor Electric Co., 1941, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477; Erie R. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188; Sampson v. Channell, 1 Cir., 1940, 110 F.2d 754, 128 A.L.R. 394. See also: Note, 62 Harv.L.Rev. 1030, 1037–1038 (1949); 2 Moore, supra, § 2.09; Fed.R.Civ.P. rule 17(b).

The law of California is clear that where the "conditions of compensation" exist and payment of statutory compensation has been secured by the employer, "such compensation * * * is * * * the exclusive remedy against the employer for the injury or death", Cal.Labor Code, § 3601, and the Industrial Accident Commission has ex-

clusive jurisdiction over claims for "compensation," Cal.Labor Code, § 5300, subject only to review by the courts of California as provided in the statute. Cal. Labor Code, §§ 5810, 5950–5956.

Turning then to the affidavits on file, in determining defendant Midland's motion to dismiss for "lack of jurisdiction over the subject matter" Fed.R.Civ. P. rule 12(b) (1), I find evidence in the form of the affidavits Fed.R.Civ.P. rule 43(e), sufficient to establish the fact that, at the time of the incident giving rise to this action, Midland was insured and had thus made "secure the payment of compensation" within the meaning of §§ 3700, 3706, 3710 and 3711 of the California Labor Code. It further appears from the amended complaint and the affidavits that all "conditions of compensation" then existed. Cal. Labor Code, § 3600. It is clear therefore that state law has conferred upon the Industrial Accident Commission exclusive jurisdiction over all claims for "compensation" such as plaintiffs assert as to Midland in this action. Cal.Labor Code, § 5300.

For the reasons stated and in the light of my understanding of the holding in Glenn v. Southern Cal. Edison Co., supra, 9 Cir., 187 F.2d 318; cf. Land v. Dollar, supra, 330 U.S. at page 735, 67 S.Ct. 1009, 91 L.Ed. 1209, the motion for summary judgment will be denied, and the motion to dismiss for "lack of jurisdiction over the subject matter" as to Midland, Fed.R.Civ. P. rule 12(b) (1), will be granted.

It should be recorded that defendant Midland contends the "conditions of compensation", Cal.Labor Code, § 3600, alleged in the amended complaint cast upon plaintiffs the burden of pleading and proving that plaintiffs' claims at bar fall within an exception to the Workmen's Compensation laws. A dictum from one of the California courts does lend support to this contention. Wessell v. Barrett, 1944, 62 Cal.App.2d 374, 144 P.2d 656; cf. Butler v. Wyman, 1933, 128 Cal.App. 736, 18 P.2d 354. But the question thus raised as to the adjective law of California need not be reached, cf. Home Royalty Ass'n v. Stone, 10 Cir., 1952, 199

F.2d 650, 654 in view of the holding that all conflicts as to jurisdictional facts between the amended complaint and the affidavits are properly resolved upon the motion to dismiss for lack of jurisdiction. Fed.R.Civ. P. rule 43(e).

Finally, plaintiffs urge that even though subject matter jurisdiction may not exist as to any of their claims against Midland, this court does have jurisdiction over the person of Midland and should order Midland retained under Rule 19(b) as a party defendant, Fed.R.Civ.P. rule 19(b), since Midland is, so plaintiffs contend, a "necessary" party by virtue of California Labor Code, §§ 3850–3863. See e. g. Waterman v. Canal-Louisiana Bank Co., 1909, 215 U.S. 33, 48, 30 S.Ct. 10, 54 L.Ed. 80; Shields v. Barrow, 1854, 17 How. 129, 58 U. S. 129, 139, 15 L.Ed. 158; State of Washington v. United States, 9 Cir., 1936, 87 F.2d 421, 425–428; Sechrist v. Palshook, D.C. M.D.Pa.1951, 95 F.Supp. 746, 748; Federal Gas, Oil & Coal Co. v. Cassady, D.C.E.D. Ky.1943, 56 F.Supp. 824, 825; Savoia Film S. A. I. v. Vanguard Films, D.C.S.D.N.Y. 1950, 10 F.R.D. 64; 3 Moore, supra, §§ 19.-07, 19.19; 2 Barron & Holtzoff, supra, § 511; cf. Lawrence v. Sun Oil Co., 5 Cir., 1948, 166 F.2d 466, 469.

Rule 19(b) applies to "persons who are not indispensable, but who ought to be parties if complete relief is to be accorded between those already parties". Possible claims of Midland against other defendants within the limits of Popejoy v. Hannon, 1951, 37 Cal.2d 159, 231 P.2d 484, and to the notice and lien afforded by California law, Cal.Labor Code, §§ 3850–3863, might serve as a basis for voluntary intervention of Midland as a co-plaintiff in this action, see Fed.R.Civ.P. rule 24; cf. Fisher v. Shropshire, 1893, 147 U.S. 133, 145–146, 13 S.Ct. 201, 37 L.Ed. 109, but would not warrant involuntary joinder as a party defendant upon the theory that Midland's presence is "necessary" in order to afford complete relief "between those already parties". See Fed.R.Civ.P. rule 21; Browder v. Cook, D.C.D.Idaho, 1944, 59 F.Supp. 225, 233; Samuel Goldwyn, Inc. v. United Artists

Corporation, D.C.S.D.N.Y.1940, 35 F.Supp. 633, 637–638.

Accordingly, plaintiffs' application to have Midland retained as a "necessary" party defendant is denied.

Attorneys for defendant Midland Rubber Corporation will submit findings of fact, conclusions of law and judgment of dismissal for lack of jurisdiction pursuant to local rule 7 within ten days.