302 F.2d 391
 PENSICK & GORDON, INC., Appellant,
v.
CALIFORNIA MOTOR EXPRESS et al., Appellees.
PENSICK & GORDON, INC., a California corporation, Appellant,
v.
CALIFORNIA MOTOR EXPRESS, LIMITED, a corporation, et al., Appellees.
 No. 17235.
 No. 17380.
 United States Court of Appeals Ninth Circuit.
 April 13, 1962.
 
 1
 Hill, Farrer & Burrill, Carl M. Gould, M. B. Jackson and Stanley E. Tobin, Los Angeles, Cal., for appellant.
 
 
 2
 Catlin & Catlin, by Frank D. Catlin and George L. Catlin, Los Angeles, Cal., for appellee Universal Carloading & Distributing Co., Inc., et al.
 
 
 3
 Donald Murchison, Beverly Hills, Cal., for appellee T. I. M. E. Freight, Inc.
 
 
 4
 Loeb & Loeb, Harry J. Keaton and Robert A. Holtzman, Los Angeles, Cal., for appellee Pacific Intermountain Express & Consolidated Freightways.
 
 
 5
 Russell & Schureman and Theodore W. Russell, Los Angeles, Cal., for appellee Motor Express, Ltd., et al.
 
 
 6
 Before BARNES and JERTBERG, Circuit Judges, and PENCE, District Judge.
 
 
 7
 PENCE, District Judge.
 
 
 8
 This is an action for money damages brought by shipper against several motor common carrier defendants. The shipper (Appellant), in its original complaint (App. No. 17235) alleged the breach by each of the common carriers (Appellees) of their statutory duty to serve the appellant under the Motor Carrier Act (hereinafter referred to as "MCA,"), part II of the Interstate Commerce Act, Section 216(b) and (d), (49 U.S.C.A. § 316(b) and (d)).[1] The breach alleged was failure of the appellees to pick up and make delivery of goods at appellant's place of business, upon reasonable terms and without unjust discrimination.
 
 
 9
 In the original complaint, appellant asserted jurisdiction as to all appellees under 28 U.S.C.A. § 1337, on the theory that the MCA gave a shipper the right under the Commerce clause to bring an action for damages in the United States District Court for breach by motor common carriers of their statutory duty to serve shippers and to serve without discrimination. The District Court, relying on Consolidated Freightways v. United Truck-Lines (9 Cir., 1954), 216 F.2d 543, decided that it did not have jurisdiction to hear and determine the controversy because the MCA does not provide any private remedy for a violation of any of its provisions, from which decision the appeal in No. 17235 was taken.
 
 
 10
 Appellant filed an amended complaint, again asserting jurisdiction lay in the District Court as to all appellees by virtue of the same 28 U.S.C.A. § 1337, and also asserted jurisdiction on the premise that there exists a common law right of court action to enforce the common law duty of common carriers to serve and to serve without discrimination, apart from the statute, which common law rights survived the passage of the MCA, and that since diversity existed as to some of the appellees, jurisdiction lay in the District Court by virtue of 28 U.S. C.A. § 1332.
 
 
 11
 Answers, as well as affidavits filed by all parties clearly showed that the failure to serve and the discrimination complained against resulted from the refusal of appellees' unionized drivers to cross a picket line thrown up around appellant's place of business by appellant's employees as a result of a strike at appellant's plant. In determining the existence or nonexistence of the requisite jurisdictional facts, the District Court properly inquired into and weighed all answers and affidavits. Williams v. Minnesota Mining and Manufacturing Company, 14 F.R.D. 1, 4-8, S.D.Cal.1953, and Ramirez and Feraud Chili Company v. Las Palmas Food Company, D.C., 146 F. Supp. 594, aff'd, 245 F.2d 874 (9 Cir. 1957), cert. den. 1958, 355 U.S. 927, 78 S.Ct. 384, 2 L.Ed.2d 357.
 
 
 12
 From a ruling by the District Court that still it was without jurisdiction to try appellant's amended complaint, a second appeal, No. 17380, was taken. Both appeals, No. 17235 and No. 17380, were joined for the purpose of argument and disposition.
 
 
 13
 Appellant's basic contentions are that it, as a shipper, has invoked the common law duty of a common carrier to serve; that the shipper's historic right of action for breach of that duty is in no way inconsistent with any power exclusively conferred upon the Interstate Commerce Commission under the MCA; and that the shipper's cause of action continues in dual form both as a common law right under the savings clause of the Act, § 216 (j) (49 U.S.C.A. § 316(j)), as well as the statutory sanctions of Section 216(b) and (d).
 
 
 14
 Since the facts as shown by the complaints, answers and affidavits clearly demonstrate that the alleged breach of duty of service arose out of the failure of the defendants to serve because of appellant's own labor dispute and appellees' employees' refusal to cross the appellant's union's picket line at appellant's plant, the alleged breach, by the very nature of those facts, depends upon the element of reasonableness or unreasonableness of the acts of appellees' employees in so refusing to cross the picket line. This, per se, demands the factual determination as to whether or not the carrier failed to provide reasonable service without unjust discrimination, as delineated in part II of the MCA, Section 216(b) and (d). The question of jurisdiction is thereby brought squarely within the purview of T. I. M. E. Inc. v. United States, 359 U. S. 464, 79 S.Ct. 904, 3 L.Ed.2d 952, and Consolidated Freightways v. United Truck Lines, supra, and the rationale of those cases is directly applicable here.
 
 
 15
 The legislative history of the MCA is fully covered in T. I. M. E., supra, and Consolidated Freightways v. United Truck Lines, 216 Or. 515, 330 P. 2d 522, cert. den. 359 U.S. 1001, 79 S.Ct. 1136, 3 L.Ed.2d 1029. It is clear from that history that the MCA undertook to set forth a comprehensive and all-inclusive scheme for the Federal regulation of common motor carriers. As heretofore indicated, Section 216 as it applies to the instant case, provides that carriers may not unreasonably refuse to serve or unjustly discriminate against any shipper. Therefore, in every case in which the problem of carrier compliance with the service or discrimination clauses of Section 216 of the MCA is raised, there must be a determination by the Commission of whether there has been a disservice or discrimination with respect to treatment of shippers, and whether such treatment was unreasonable or unjustly discriminatory. "Whether a carrier has without justification failed to provide reasonable and non-discriminatory service is a question of defining the carrier's duty in the framework of the national transportation policy." Local 1976, United Broth. of Carpenters, etc. v. National Labor Relations Board, 357 U.S. 93, 110, 78 S.Ct. 1011, 1021, 2 L.Ed.2d 1186, and only the Commission can answer that question.
 
 
 16
 Under the statutory scheme of the MCA, only the ICC can decide in the first instance whether any alleged act of disservice on the part of the appellees was unreasonable or unjustly discriminatory and the courts are without authority to make such a determination. If, under the saving clause, § 216(j) of the MCA, no common law remedy is saved to a shipper aggrieved by an unreasonable rate, which was held in T. I. M. E. to be an administrative question, no such remedy is saved to a shipper aggrieved by unreasonable disservice or unjust discrimination, which also is an administrative question, as held in Local 1976, United Broth. of Carpenters, etc. v. National Labor Relations Board, supra. Whenever, under a claim by a shipper that a motor common carrier has failed to serve, there arises a genuine issue as to the reasonableness of such disservice or unjustness of such discrimination, there exists no remedy in the courts available to the shipper, for the crucial questions of reasonableness or unjustness cannot be decided by the courts.
 
 
 17
 It is not necessary for us to decide, and we do not so decide, that no common law actions have survived the MCA, but where, as appellant recognized here,[2] the real issue is whether or not the carrier has failed to provide service to a shipper on reasonable terms and without unjust discrimination, the District Court is without jurisdiction to hear and determine it.
 
 
 18
 Having decided these appeals on the above grounds, we do not find it necessary to pass upon the merits of appellees' affirmative defense that the District Court was without jurisdiction because the controversy between the parties raised issues which are within the exclusive primary jurisdiction of the National Labor Relations Board.
 
 
 19
 As to each appeal, we hold the District Court correctly dismissed each complaint for lack of jurisdiction.
 
 
 20
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 Section 216 of the MCA (49 U.S.C.A. § 316) reads, in pertinent part, as follows:
 "(b) It shall be the duty of every common carrier of property by motor vehicle to provide * * * adequate service, * * * to establish * * * just and reasonable * * * practices relating * * * to the manner and method of * * * delivering property for transportation * * *", and "(d) * * * It shall be unlawful for any common carrier by motor vehicle * * * to subject any particular person * * * to any unjust discrimination or any undue or unreasonable prejudice or disadvantage * * *."
 
 
 [2]
 "The gist of the action is the failure of the Defendants individually, at specified times, to provide service to the Plaintiff upon reasonable terms and without discrimination."
 Ap. No. 17235, Apnt.Op.Br., p. 1.
 "This cause is the companion to that in Ap. No. 17235. * * * The theories of the first and second causes are identical." Ap. No. 17380, Apnt.Op.Br., pp. 1, 2.
 "Sec. 216(b) and (d) of the Motor Carrier Act * * * contains * * * a statutory embodiment of this * * * (common law duty of a common carrier to serve).
 "The commission has further refined the general standards laid down by the statute. * * *
 "The foregoing are the standards by which the conduct of the Appellees must be measured, and this Appellant does not question the standards; it seeks only to establish a failure to conform to them * * *."
 Aps. No. 17235, No. 17380, Apnt.Reply Br., p. 3.