KAMOSKY et al. v. SCRANTON BEVERAGE CO., Inc., et al.

Civ. A. No. 3109.

United States District Court
M. D. Pennsylvania.

Dec. 15, 1948.

Henry M. Biglan, of Edwards & Biglan, all of Scranton, Pa., for plaintiffs.

James W. Scanlon, of Scranton, Pa., for Scranton Beverage Co., Inc.

Walter W. Harris, of O'Malley, Harris, Harris & Warren, all of Scranton, Pa., for The Lion, Inc.

C. H. Welles, 3rd, of Welles, Mackie, Mumford & Law, all of Scranton, Pa., for Owens-Illinois Glass Co.

**WATSON, Chief Judge.**

This is a suit brought by the Plaintiffs to recover damages for personal injuries sustained as a result of the explosion of a bottle of beer alleged to have been caused by reason of the negligence of the three Defendants, or one or more of them, or by reason of a breach of warranty of fitness for purpose.

A Motion to Dismiss the Complaint for want of jurisdiction was filed by the Defendants. The Plaintiffs' Complaint states that the Plaintiffs are citizens of Pennsylvania, and that the Defendants, The Scranton Beverage Co., Inc., and The Lion, Inc., are corporations organized under the laws of the Commonwealth of Pennsylvania; and that the Defendant, Owens-Illinois Glass Company is a corporation organized under the laws of the State of Ohio.

■ The rule as to diversity of citizenship as a basis for Federal Jurisdiction, as stated by this Court, in Huester et al. v. Gilmour et al., D.C.1936, 13 F.Supp. 630, 631, quoting from Osthaus v. Button et al., 3' Cir., 1934, 70 F.2d 392, is: "Federal courts do not have jurisdiction on the ground of diversity of citizenship unless that diversity exists between all the plaintiffs, on the one hand, and all the defendants, on the other, at the time suit is instituted." In Levering & Garrigues Co. et al. v. Morrin et al., 2 Cir., 1932, 61 F.2d 115, 121, the Court said; inter alia, speaking of this rule: "The same rule is equally applicable where a plaintiff sues joint and several tort-feasors."

■ This Court dismisses actions for want of jurisdiction with reluctance, but counsel must realize that to proceed and determine the merits in an action over which the law does not give to the Federal Court jurisdiction would only result in loss and disappointment to the Plaintiff and no benefit to any party.

Since there was not diversity of citizenship between the Plaintiffs and all of the Defendants, this Court is without jurisdiction, and, in the present state of the record, the action must be dismissed. The Plaintiffs without doubt should have sought by some procedure to discontinue this action against The Scranton Beverage Co., Inc., and The Lion, Incorporated, and proceed against the other Defendant, Owens-Illinois Glass Company.

The Motion to Dismiss will be granted, and this action will stand dismissed unless within seven days from entry of this order the Plaintiffs make application to discontinue this action as against The Scranton Beverage Co., Inc., and The Lion, Incorporated.