**SECHRIST v. PALSHOOK et al.**

**Civ. No. 1213.**

United States District Court
M. D. Pennsylvania.

Feb. 19, 1951.

James K. Peck, Scranton, Pa., for plaintiff.

Raymond T. Law, James W. Scanlon, Scranton, Pa., for defendants.

WATSON, Chief Judge.

This is an action by Eva B. Sechrist, Administratrix of the Estate of Ephraim Sechrist, deceased, to recover damages for the wrongful death of Ephraim Sechrist. The deceased was killed in an automobile collision and the Plaintiff contends the accident was caused by the negligence of the Defendant, Paul Palshook. Plaintiff alleges in the alternative that Paul Palshook was in the employ of one, several, or all of the other named Defendants when the accident took place.

This action was filed on the basis that all of the Defendants were citizens and residents of Ohio. Plaintiff caused service of process to be issued against all of the Defendants through the Secretary of the Commonwealth of Pennsylvania, under the Pa.Statute, Act of May 14, 1929, P.L. 1721, as amended, 75 P.S. § 1201 et seq., providing for such service upon non-residents of Pennsylvania who operate motor vehicles over Pennsylvania highways.

One of the Defendants, Continental Transit Company, moved to dismiss the action against it because of lack of jurisdiction, improper venue, insufficiency of process and insufficiency of service of process. Two of the other Defendants, Erwin H. Meilander and Albert A. Amon (named in the complaint as Amon or Ammon Kelly), also moved to dismiss the action on the grounds of lack of jurisdiction, improper venue, and improper service.

Subsequently, Plaintiff entered into a stipulation with Defendant, Continental Transit Company, agreeing to have the action dismissed against the Continental Transit Company. Defendants, Erwin H. Meilander and Albert A. Amon, objected to the dismissal on the ground that the Continental Transit Company was an indispensable party.

■ It appears from the pleadings that the Defendant, Continental Transit Company, is a citizen and resident of the same state as Plaintiff, namely, Pennsylvania. If the Defendant, Continental Transit Company, is an indispensable party, this Court is clearly without jurisdiction, because there must be a complete diversity of citizenship between Plaintiff, on the one hand, and all of the Defendants, on the other, at the time suit is instituted. Kamosky v. Scranton Beverage Co., Inc., D.C.M.D., Pa. 1948, 81 F.Supp. 271.

The above rule, however, applies only to "indispensable" parties, as distinguished from merely "necessary" parties. The jurisdictional defect may be cured if the parties joined are necessary parties, but not indispensable, for the Court in the exercise of its sound discretion on motion of any party or of its own initiative may permit

748

them to be dropped under Rule 21, Federal Rules of Civil Procedure, 28 U.S.C.A.[1]

 Indispensable parties are those, with such an interest in the controversy that a final decree cannot be entered in their absence without adversely affecting their rights or without leaving the action in a state which would be inconsistent with equity and good conscience. Necessary parties are those whose presence is necessary in order to adjudicate the entire controversy, but whose interests are so far separable that the court can proceed to final judgment without adversely affecting them. Wyoga Gas and Oil Corp. v. Schrack, D.C. M.D., Pa.1948, 27 F.Supp. 35

 In the present case the complaint alleges in substance that Paul Palshook was in the employ and service of one, several, or all of the other named Defendants at the time of the accident. Since there was a master and servant relationship between Paul Palshook and the other named Defendants, Plaintiff contends they are liable for the negligent conduct of their servant. Thus their liability is joint and several. Under these circumstances, the interests of the Defendants are so far separable that the Court can proceed to final judgment without adversely affecting the rights and liabilities of the resident Defendant, Continental Transit Company. In other words the Defendant, Continental Transit Company, is not an indispensable party to the action.

The Court having found it has no jurisdiction over the Continental Transit Company because of the lack of diversity of citizenship between it and the Plaintiff, it is not necessary to consider the question of whether adequate service was made on the Continental Transit Company.

The Court feels that the interest of justice would best be served by permitting the dropping of the Defendant, Continental Transit Company, from the action. The motion to dismiss the action against the Continental Transit Company will be granted.

The action having been dismissed against the Continental Transit Company, there exists a complete diversity of citizenship between Plaintiff and the remaining Defendants, giving the Court jurisdiction. Venue being proper and service having been properly made on the Defendants under the Pennsylvania Non-Resident Service Act, supra, the motions to dismiss filed by Defendants, Erwin H. Meilander and Albert A. Amon, must be denied.

An appropriate order will be filed herewith.

1. Tucker v. New Orleans Laundries, Inc., D.C.E.D.La.1949, 90 F.Supp. 290.