**PADBURY et al.**

v.

**DAIRYMEN'S LEAGUE COOPERA-
TIVE ASS'N, Inc. et al.**

Civ. No. 4714.

United States District Court,
M. D. Pennsylvania.

May 24, 1954.

Israel T. Klapper, Hazleton, Pa., for plaintiffs.

John W. Bour, Eugene Nogi, Scranton, Pa., for defendants.

WATSON, Chief Judge.

This matter is before the Court upon motion by all of the defendants, with the exception of Lansing B. Warner, Inc., Attorney-in-Fact for Canners Exchange, to dismiss the action.

The same defendants previously filed motions to dismiss the action and after hearing arguments on said motions, the Court directed the plaintiffs to file an amended complaint containing proper averments of jurisdiction, D.C., 119 F. Supp. 738. After the amended complaint was filed, the five defendants renewed their motions to dismiss the action.

Four of the defendants, Dairymen's League Cooperative Association, Inc., Pennsylvania Threshermen & Farmers' Mutual Fire Insurance Company, the Home Insurance Company of New York, and Royal Insurance Company, Limited, moved to dismiss the action because of lack of jurisdiction.

It appears from the complaint that the defendants, Dairymen's League Cooperative Association, Inc., the Home Insurance Company of New York, and Royal Insurance Company, Limited, are

citizens of the same state as plaintiffs, namely, New York. If the defendants, Dairymen's League Cooperative Association, Inc., the Home Insurance Company of New York, and Royal Insurance Company, Limited, are indispensable parties, this Court is clearly without jurisdiction, because there must be a complete diversity of citizenship between plaintiffs, on the one hand, and all of the defendants, on the other, at the time suit is instituted. Kamosky v. Scranton Beverage Company, Incorporated, D.C.M.D.Pa., 1948, 81 F.Supp. 271.

The above rule, however, applies only to "indispensable" parties. The jurisdictional defect may be cured if the parties joined are not indispensable, for the Court in the exercise of its sound discretion on motion of any party or of its own initiative may permit them to be dropped under Rule 21 of the Federal Rules of Civil Procedure, 28 U.S.C.

Indispensable parties are those with such an interest in the controversy that a final decree cannot be entered in their absence without adversely affecting their rights or without leaving the action in a state which would be inconsistent with equity and good conscience. Sechrist v. Palshook, D.C.M.D.Pa., 1951, 95 F.Supp. 746.

The present case presents two controversies relevant to this motion: the claim of the designated plaintiffs for payment of their loss on insurance policies, which loss arose when the insured buildings located in the Borough of New Albany, Bradford County, Pennsylvania were totally and completely destroyed by fire; and the claim of the plaintiffs that the defendant, Herman Rynveld's Son Corp., is exercising rights of ownership in the land located in the Borough of New Albany, Bradford County, Pennsylvania.

As to the first, there is a diversity of citizenship as to all of the insurance companies except the Home Insurance Company of New York and Royal Insurance Company, Limited, which are not indispensable parties. As to the second there is a diversity of citizenship between the plaintiffs and the defendant, Herman Rynveld's Son Corp., a Pennsylvania corporation. For the purpose of this controversy, Dairymen's League Cooperative Association, Inc. is not an indispensable party.

The Court feels that the interest of justice would best be served by permitting the dropping of the defendants, Dairymen's League Cooperative Association, Inc., the Home Insurance Company of New York, and Royal Insurance Company, Limited, from the action. The motion to dismiss the action against Dairymen's League Cooperative Association, Inc., the Home Insurance Company of New York, and Royal Insurance Company, Limited, will be granted.

The action having been dismissed against Dairymen's League Cooperative Association, Inc., the Home Insurance Company of New York, and Royal Insurance Company, Limited, there exists a complete diversity of citizenship between plaintiffs and the remaining defendants, giving the Court jurisdiction. The motion to dismiss filed by defendant, Pennsylvania Threshermen & Farmers' Mutual Fire Insurance Company must be denied.

The defendant, Herman Rynveld's Son Corp., has assigned several reasons in support of its motion to dismiss. After careful consideration of the argument and brief of counsel for this defendant, I conclude that said reasons are without merit at this time and require no discussion.

The motion to dismiss filed by Herman Rynveld's Son Corp. must be denied.

An appropriate order will be filed herewith.