John L. LEWIS, Charles A. Owen, and Josephine Roche, as Trustees of the United Mine Workers of America Welfare and Retirement Fund, Plaintiffs,

v.

CLARENCE COAL MINING COMPANY, Incorporated, a corporation, Defendant, Bertha Friedman, Martin Friedman, David Friedman and Jacob Friedman, individually and d/b/a Clarence Coal Mining Company, a partnership, Added Defendants.

Civ. A. No. 4902.

United States District Court,
M. D. Pennsylvania.

Jan. 24, 1955.

Paul A. McGlone, Scranton, Pa., for plaintiffs.

Joseph C. Kreder, Scranton, Pa., for defendants.

WATSON, Chief Judge.

This action was originally instituted by the Trustees of the United Mine Workers of America Welfare and Retirement Fund against the Clarence Coal Mining Company, Incorporated, a Pennsylvania corporation. The plaintiffs later amended their complaint to bring upon the record several added defendants. The added defendants moved to dismiss the amended complaint insofar as it applies to them for the reason that the amended complaint fails to contain a short and plain statement of the grounds upon which the Court's jurisdiction depends.

Plaintiffs ostensibly rely upon diversity of citizenship and the proper jurisdictional amount to establish jurisdiction. However, plaintiffs do not allege the citizenship of the added defendants in their amended complaint.

The established rule is that a plaintiff, suing in a federal court, must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and if he does not do so, the court, on having the defect called to its attention or on

798

discovering the same, should dismiss the action unless the defect be rectified by amendment. Smith v. McCullough, 270 U.S. 456, 46 S.Ct. 338, 70 L.Ed. 682; Gustafson v. Fred Wolferman, Inc., D.C., 6 F.R.D. 503.

 Counsel for plaintiffs contends that because this Court had jurisdiction in the original action filed wherein Clarence Coal Mining Company, Incorporated, was the only defendant, the claims against the added defendants set forth in the amended complaint need no new grounds of jurisdiction to support them. With this contention the Court cannot agree. The rule is that there must be a complete diversity of citizenship between plaintiffs, on the one hand, and all of the defendants, on the other. Padbury v. Dairymen's League Cooperative Association, Inc., D.C.M.D.Pa., 15 F.R.D. 484.

The plaintiffs should be given an opportunity to file an amended complaint containing proper averments as to jurisdiction and the defendants will be given an opportunity to renew their motion to dismiss when and if the amended complaint is filed.

An appropriate order will be entered herewith.