Benjamin STILLER et al., Appellants-
Appellees,

v.

John P. HARDMAN and John P. Hard-
man, Inc., Appellees-Appellants.

Benjamin STILLER et al., Appellants-
Appellees,

v.

Nathan SILVERMAN and Flex-A-Purse
Corporation, Appellees-Appellants.

Nos. 53, 54, Dockets 27976 and 27931.

United States Court of Appeals
Second Circuit.

Argued Oct. 15, 1963.

Decided Nov. 20, 1963.

J. William Freeman, Akron, Ohio
(Floyd H. Crews of Darby & Darby, New
York City, on the brief), for plaintiffs-
appellants-appellees.

David B. Kirschstein of Kirschstein,
Kirschstein & Ottinger, New York City,
for defendants-appellees-appellants.

Before WATERMAN, HAYS and
MARSHALL, Circuit Judges.

HAYS, Circuit Judge.

Stiller sought to register [1] in the
Southern and Eastern districts of New
York a judgment recovered against
Squeez-A-Purse Corporation in a patent
infringement suit in the Northern Dis-
trict of Ohio. The judgment sought to
be registered and enforced in these pro-
ceedings held Stiller's patent valid and
infringed and awarded him damages in
the amount of $47,000 and an injunction
enjoining Squeez-A-Purse Corporation,

---

[1]. "A judgment in an action for the re-
covery of money or property now or
hereafter entered in any district court
which has become final by appeal or ex-
piration of time for appeal may be regis-
tered in any other district by filing there-
in a certified copy of such judgment. A
judgment so registered shall have the
same effect as a judgment of the district
court of the district where registered and
may be enforced in like manner.

"A certified copy of the satisfaction of
any judgment in whole or in part may be
registered in like manner in any district
in which the judgment is a lien." 28 U.
S.C. § 1963 (1958).

its officers, agents and privies from further infringement.[2] The New York district courts permitted registration of the entire judgment but refused enforcement of the injunctive portion thereof. The parties cross appealed from the orders entered by the district courts. By stipulation the two cases were consolidated on appeal. We affirm the orders from which the parties have appealed.

Stiller moved in the Ohio district court to hold in contempt certain alleged privies of Squeez-A-Purse, to wit, Nathan Silverman, principal stockholder of Squeez-A-Purse, John P. Hardman and John P. Hardman, Inc., sole suppliers of Squeez-A-Purse, and Flex-A-Purse Corporation, a newly organized corporation controlled by Silverman. The Ohio district court held that it was without jurisdiction over the alleged privies.

The registration statute, 28 U.S.C. § 1963 (1958), authorizes the registration only of "[a] judgment in an action for the recovery of money or property." The insertion of the critical phrase "for the recovery of money or property" was explained in the Reviser's Note as intended "to exclude judgments in divorce actions, and any other actions, the registration of which would serve no useful purpose." Note on Legislative History following 28 U.S.C. § 1963 (1958).

■ Defendants urge that the judgment should have been denied registration. They argue that Section 1963 authorizes registration only if the original proceeding was an action for money or property. Since the Ohio action was one for a declaratory judgment of noninfringement, the argument continues, registration of the judgment awarded the patentee on his counterclaim should have been refused. Compare Gitlin v. Gitlin, 15 F.R.D. 485 (E.D.N.Y.1954) (registration of alimony decree entered in divorce action denied), with Gullet v. Gullet, 188

F.2d 719 (5th Cir. 1951) (registration of maintenance decree entered in suit for separate maintenance upheld). The fault of the argument lies in a devotion to too literal a reading of the statute, a reading which ignores the purpose of the legislation. We have no doubt that the term "action" in Section 1963 is meant to embrace legal proceedings instituted by way of counterclaim as well as through the filing of a complaint. To hold otherwise would be to attribute to Congress the adoption of a distinction which is wholly without justification. And we cannot read the statute to make registration under Section 1963 depend upon the form in which the action is brought rather than upon the nature of the judgment. See S.Rep.No. 1917, 83 Cong., 2d Sess. (1954), in 2 U.S.Code Cong. & Ad.News, pp. 3142, 3143 (1954).

■ The patentee, Stiller, argues that, in spite of the limited language of Section 1963, a judgment for an injunction can be registered and, after registration, can be enforced. He takes the further position that even if an injunction alone cannot be registered, a judgment which includes not only an injunction but an award for the recovery of money or property, is registrable and such a judgment is enforceable in its entirety. This interpretation is clearly contrary to the intent of the draftsmen since it would practically eliminate the exclusionary effect of the limiting phrase—permitting, for example, the registration of a divorce decree that also provided for alimony. See Gitlin v. Gitlin, supra. Stiller also contends that the injunction is a decree for the recovery of property—the exclusive use of his patent. To adopt this point of view would completely emasculate the limiting provision and would not accord with the ordinary meaning of the phrase "recovery of property." See Note, Registration of Federal Judgments, 42 Iowa L.Rev. 285, 290 (1957).

2. Fed.R.Civ.P. 65(d) provides:
  "Every order granting an injunction and every restraining order \* \* \* is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise."

**628**

Aside from the limiting language of the statute itself, a consideration of the necessities which led to the enactment of Section 1963 reveals a significant difference between money judgments and injunction orders which may well account for the omission of injunctions from the privilege of registration.

In the absence of a statute providing for the registration or summary enforcement of foreign judgment, see Uniform Enforcement of Foreign Judgments Act, it is usually necessary to bring an action of debt on a foreign money judgment and to obtain a new judgment of the forum before execution will issue. See generally Paulsen, Enforcing the Money Judgment of a Sister State, 42 Iowa L.Rev. 202 (1957). This procedure created particular difficulties for claimants who had originally grounded federal jurisdiction on the existence of a federal question; for a suit on a judgment does not involve a federal question, however important federal questions may have been to the resolution of the original controversy. 2 Moore, Federal Practice ¶1.04 [2], at 28 n. 20 (2d ed. 1962). Section 1963, which was adopted in 1948 during the revision of the Judicial Code, eliminates this jurisdictional problem, as well as providing a speedier and more efficient mechanism for the enforcement of federal judgments.

■■ The situation with respect to injunctions is quite different. The mandate of an injunction issued by a federal district court runs throughout the United States. Leman v. Krentler-Arnold Co., 284 U.S. 448, 52 S.Ct. 238, 76 L.Ed. 389 (1932). Violation of an injunctive order is cognizable in the court which issued the injunction, regardless of where the violation occurred. Ibid. In the present case, for example, the Ohio district court had power to punish a violative infringement though the infringement took place in New York. There is therefore no such need for registration of injunction orders as there is for registration of the money judgment.

Thus, if the Ohio court had only issued an injunction order its judgment order would not have been registrable, but inasmuch as the Ohio judgment contained, together with an injunction order, an award for damages, the entire Ohio judgment is nominally registrable but the injunctive portion thereof is not enforceable.

In view of our interpretation of Section 1963 we affirm the decisions below upholding registration of the entire Ohio judgment, permitting enforcement of the award for damages and denying enforcement of the injunctive portion of the judgment.