Gladys Mae **BAKER** et al., Plaintiffs,

v.

**FCH SERVICES, INC.**, et al.,
**Defendants.**

No. 73 Civ. 4674.

United States District Court,
S. D. New York.

Jan. 10, 1974.

---

Newman, Aronson & Neumann, New York City, for plaintiffs, by Edwin Ostrow, New York City, of counsel.

Friedman & Krauss, New York City, for defendant, Surrey Cooperative Apartments, Inc., by Samuel R. Friedman, New York City, of counsel.

Paul J. Curran, U. S. Atty., for defendant James T. Lynn, by Naomi L. Reice, Asst. U. S. Atty., of counsel.

KEVIN THOMAS DUFFY, District Judge.

The plaintiffs in this case are all tenants of two Bronx apartment buildings which have recently adopted a cooperative ownership plan. In their complaint plaintiffs ask this Court to declare the 1973 conveyance of those properties to the defendant Surrey Cooperative Apartments, Inc. (hereinafter "Surrey") null and void and in violation of the co-operative plan. Plaintiffs further seek the ordering of a reconveyance of those properties to the Secretary of Housing and Urban Development, the former grantor. Finally, plaintiffs ask for a preliminary injunction protecting them from the institution of eviction proceedings.

The first paragraph of the complaint alleges that this Court has jurisdiction of the action "on the grounds of diversity of citizenship of the parties hereto." 28 U.S.C. § 1332 (1970). In response to this jurisdictional claim two of the defendants, Surrey and Combined Properties Services, Inc. (hereinafter "Combined"), promptly moved for a Rule 12 dismissal arguing that the requisite diversity of citizenship is lacking. There is no factual disagreement as to the citizenship of the parties: plaintiffs are all citizens of New York and both moving defendants, Surrey and Combined, are New York corporations. On the basis of these facts it seems obvious that there is not complete diversity of citizenship between the plaintiffs and defendants. Yet such complete diversity has long been required under § 1332 and the Second Circuit has clearly stated that "[i]t is elementary that *all* of the plaintiffs must be of citizenship diverse to that of *all* of the defendants." John Birch Society v. National Broadcasting Co., 377 F. 2d 194, 197 (2d Cir. 1967) (emphasis added). See Hart & Wechsler, The Federal Courts and the Federal System 901 (1953).

Plaintiffs, nevertheless, argue that complete diversity is not required in this case. They maintain that the only requisite diversity is that between "indispensable" parties; merely "necessary" parties, plaintiffs maintain, can be citizens of the same state. In support of this argument the plaintiffs rely on Sechrist v. Palshook, 95 F.Supp. 746 (M.D.Pa.1951) and Kuchler v. Greene, 163 F. 91 (C.C.N.Y.1908). Both of these cases are quite old, and I have se-

rious doubt that they correctly state the present law of this Circuit. As Professor Wright has written:

> "It is clear that the court may not disregard the citizenship of 'indispensable' parties, and indeed it is sometimes said too loosely that only the citizenship of 'indispensable' parties will be considered. This is not the rule. Even though a party is merely proper . . . if he has in fact been joined his citizenship must be considered."

C. Wright, Law of Federal Courts § 29, at 94 (2d ed. 1970) (citations omitted and emphasis added). See Chicago, R. I. & P. R. Co. v. Dowell, 229 U.S. 102, 33 S.Ct. 684, 57 L.Ed. 1090 (1913); Frederick Innkeepers Corp. v. Krisch, 230 F. Supp. 800, 801–802 (D.Md.1964).

■ While it is thus unclear whether or not the "necessary"—"indispensable" distinction has any continuing validity in determining § 1332 diversity jurisdiction, the facts of this case do not force me to reach that question. The defendant Surrey is the present owner of the properties in question and, if the plaintiffs are successful, will be stripped of that ownership and forced to reconvey the property. Clearly, Surrey is more than merely "necessary", it is "indispensable". Since Surrey is a New York corporation and plaintiffs are all New Yorkers, subject matter jurisdiction in this action cannot be founded on diversity of citizenship.

Though diversity was the only jurisdictional basis asserted in the complaint, two other possible bases were discussed or alluded to in the oral argument held on this motion. Those alternative rationales were that the case is based on a federal question, 28 U.S.C. § 1331 (1970) and that the United States is named as a defendant, 28 U.S.C. § 1346 (1970).

In order to found jurisdiction on a federal question the suit must "arise under" the Constitution or laws of the United States. It has been urged in this case that the federal law under which it arises is section 1713(*l*) of Title 12 of the United States Code. That section provides in relevant part:

> "Notwithstanding any other provisions of law relating to the acquisition, handling or disposal of real and other property by the United States, the Secretary shall also have power, for the protection of the interests of the General Insurance Fund, to pay out of the General Insurance Fund all expenses or charges in connection with, and to deal with, complete, reconstruct, rent, renovate, modernize, insure, make contracts for the management of, or establish suitable agencies for the management of, or sell for cash or credit or lease in his discretion, any property acquired by him under this section . . . ."

I find that this statute is insufficient to establish federal question jurisdiction in this case for two reasons: first, the case does not arise "directly" under the statute and second, the rigid pleading rule requires that the federal question must appear on the face of a well-pleaded complaint.

■ Chief Justice Marshall very broadly defined a case arising under federal law as one where a federal question "forms an ingredient of the original cause." Osborn v. Bank of the United States, 22 U.S. (9 Wheat.) 738, 822, 6 L.Ed. 204 (1824). This "ingredient" test has, however, been replaced by a narrower construction of a federal question. Justice Cardozo pointed out in Gully v. First National Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936) that an "ingredient" would no longer be sufficient and that "the courts have formulated the distinction between controversies that are basic and those that are collateral, between disputes that are necessary and those that are merely possible." Id. at 118. A more recent and more manageable test for determining federal question jurisdiction is whether or not there is "a substantial claim founded 'directly' upon federal law." P. Mishkin, The Federal "Question" in the District Courts, 53 Colum.L.Rev. 156,

168 (1953), cited with approval in Johnston v. Byrd, 354 F.2d 982, 984 (5th Cir. 1965). See also W. Cohen, The Broken Compass: The Requirement that a Case Arise "Directly" Under Federal Law, 115 U.Pa.L.Rev. 890 (1967). Thus this case must arise "directly" under federal law, here 12 U.S.C. § 1713(*l*), to sustain jurisdiction under 28 U.S.C. § 1331. I find that this case does not arise "directly" under § 1713(*l*) since that statute is basically concerned with the General Insurance Fund and relates to this case in only a tangential, collateral and indirect manner.

In addition to not arising "directly" under a federal law this case fails to satisfy the well-pleaded complaint rule for federal jurisdiction. This rule, laid down in Gold-Washing & Water Co. v. Keyes, 96 U.S. 199, 24 L. Ed. 656 (1877) and rigidly applied ever since, mandates that the federal question appear on the face of a well-pleaded complaint. Wright, *supra*, at § 18, p. 59. The complaint in this case fails to plead any federal question and, as noted above, bases jurisdiction solely on diversity. Further, a reading of the complaint and its factual allegations fails to disclose any federal law under which the case could "directly" arise.

Having found that there is neither diversity of citizenship nor a federal question, the only possible remaining basis for federal jurisdiction is 28 U.S. C. § 1346(f), the statute which covers cases where the United States is a defendant. None of the parties has briefed or argued this point, but since there was some allusion to it in the oral argument I will address it. Had the Congress intended to provide for federal jurisdiction in every case in which the United States is named as a defendant it could have drafted § 1346 to reflect that intent. Instead of a blanket grant of jurisdiction, Congress specifically set forth in § 1346 those cases in which the district courts would have original jurisdiction. Under a very broad reading of that section there are only two possible arguments for the position that jurisdiction exists in this case because the United States is named as a defendant. First, section 1346(a)(2) deals with cases where the claim is based on "any express or implied contract with the United States." While a very liberal reading of the complaint could lead to the conclusion that there was an express or implied contract with the United States, this subsection fails to support jurisdiction because it contains an upward monetary limit of $10,000 and the annual income alone of these buildings, as set forth in paragraph 14 of the complaint, is $594,300. Second, subsection (f) of 1346 provides that: "The district courts shall have exclusive original jurisdiction of civil actions under section 2409a to quiet title to an estate or interest in real property in which an interest is claimed by the United States." While the complaint is not explicitly one to quiet title under § 2409a, it is not necessary to determine whether subsection (f) would apply if, in fact, the complaint is one to quiet title since this subsection is limited to cases where "an interest is claimed by the United States." At the oral argument the United States not only failed to claim any interest in the properties but affirmatively stated that it did not want the property and would oppose a reconveyance.

For the above reasons, I find that I must dismiss the complaint for lack of subject matter jurisdiction. Both in their briefs and at oral argument counsel failed to explore the panoply of legal issues involved in this jurisdictional motion. I have tried to raise and answer the major arguments that could have been made, but it is possible that another court on review may be able to raise other questions or that on review counsel may more fully brief and argue the issues. In the posture that this case has been presented to me, however, the motion must be granted.

So ordered.