INSURANCE CORPORATION OF
AMERICA, a West Virginia
Corporation, Plaintiff,

v.

DEPARTMENT OF INSURANCE, the
Honorable R. William Rutter, Palm
Beach Circuit Court Judge, 15th Judicial Circuit, State of Florida, Defendants.

No. 87–8043–Civ.

United States District Court,
S.D. Florida.

March 25, 1987.

Arthur C. Wallberg, Asst. Atty. Gen., Dept. of Legal Affairs, Tallahassee, Fla., for R. William Rutter, Palm Beach Circuit Court Judge, defendant.

Susan K. Stafford and Lisa S. Santucci, Dept. of Ins., Office of Legal Affairs, Tallahassee, Fla., for Dept. of Ins., defendant.

Peter M. Feaman, Marchbanks & Feaman, P.A., Boca Raton, Fla., for plaintiff.

ORDER OF ABSTENTION AND
ORDER OF DISMISSAL
WITHOUT PREJUDICE

ARONOVITZ, District Judge.

THIS MATTER is before the Court upon a complaint for temporary restraining order and for temporary and permanent injunction brought by plaintiff, Insurance Corporation of America, a West Virginia corporation, which does business and has its principal place of business in Boca Raton, Palm Beach County, Florida.

The defendant, Department of Insurance, State of Florida, on January 21, 1987, filed an action for temporary and preliminary injunction in the Circuit Court in and for the 15th Judicial Circuit of the State of Florida, Case Number 87–483–AK. The in-

junctive relief was sought to enjoin this plaintiff from transacting insurance business in the state of Florida without a license or subsisting Certificate of Authority from the State of Florida.

The Honorable R. William Rutter, Circuit Court Judge, issued an injunction as requested although there is some dispute in the record as to whether it was temporary or permanent. That is not relevant here.

The plaintiff in this action, I.C.A., thereafter filed an appeal to the District Court of Appeals, Fourth District, State of Florida, from that ruling of Judge Rutter.

A request to the appellate court by I.C.A. for a stay pending resolution of the matter on the merits was denied and the matter still remains pending on the merits before the Fourth District Court of Appeals of Florida. I.C.A. maintains that by reason of a "Final Order" and subsequent Order entered in 1911 and 1914 by a federal court styled "Circuit Court" in Delaware that its right to engage in all types of insurance business in Florida has been grandfathered thereby and that the defendants should be enjoined from preventing plaintiff to engage in the insurance business in Florida.

This Court has now received testimony offered by the plaintiff and has had proffers of evidence from both sides. Having heard plaintiff's counsel submit argument, and having read the mountainous volume of materials submitted as memoranda of law, affidavits and other exhibits, both by the plaintiff and the defendants, it is the view of this Court that this Court should abstain from accepting or exercising jurisdiction of this matter in deference to and in recognition of the principles of comity as it relates to the pending state court's appellate process now ongoing, and on which I.C.A. itself has filed an appeal.

The ruling in this matter is actually directed by *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and the subsequent cases of *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 and *Moore v. Sims*, 442 U.S. 415, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979), in which the circumstances are set forth and described wherein a federal court should abstain from entertaining jurisdiction pending a resolution of the matter before the state court in which the matter was already pending.

It should be observed that in the course of the state system, there are appeals and appellate procedures available all the way up to the Supreme Court of Florida, and that there is also available a direct appeal from the Supreme Court of Florida's judgment to the United States Supreme Court. Therefore, the plaintiff here has adequate protection in terms of the state system and proceeding therein.

At the same time the state system has procedures prescribed and rules adopted which do permit accelerating, expediting treatment of these matters and the same types of arguments made here with regard to injury and damage, *et cetera*, can also be argued and made in the state court at the state court level. In fact, it has already been made and the same relative issues as are presented in this litigation are already before the state courts.

Separately and apart from that, it is the view of the Court that having determined that it should abstain, that *sua sponte* the action should be dismissed without prejudice pending resolution in the state courts and through the state court system.

Trying to avoid reaching the issues on the merits that may underlie this action, as premature, and therefore not ruling on it but merely commenting thereon, it should be noted that 28 U.S.C. Section 1963 permits the registration of foreign judgments. That has been interpreted to mean that a foreign judgment entered by another federal court, even if registered in this district, (and this one is not registered here at this point), applies to the money judgment aspect and not to an injunction.

In the case of *Stiller v. Hardman*, 324 F.2d 626 (2nd Cir.1963), it is clearly stated that the effect of the injunction that is issued by a district court is nationwide in scope, but the Court which issued the injunctive order is the Court which is empowered to enforce the injunction nationwide, meaning that just because the injunction

was issued by a federal court in Delaware, the State of Florida having been a party to that proceeding, still remains properly before that Court for the enforcement of the injunction. *See also Delta Air Lines, Inc. v. McCoy Restaurants, Inc.,* 708 F.2d 582 (11th Cir.1983), wherein the enforcement of "its own" judgments by a court is discussed.

That is more than amply supported by a case from the United States Supreme Court, *Leman v. Krentler-Arnold Hinge Co.,* 284 U.S. 448, 52 S.Ct. 238, 76 L.Ed. 389 (1932), in which the Court in effect held as the Second Circuit had also indicated; namely that the decree was binding upon the respondent, not simply within the District of Massachusetts where it was issued, but could be taken back before the original trial court for either enforcement of the injunction and/or contempt, if appropriate.

This Court is not ruling upon that proposition because this Court is abstaining. What this Court is saying in effect, though, is by abstaining and dismissing it is without prejudice to proceed through the state court system in the course of the present appellate process, or if appropriate, to seek further relief in the Court that issued the original injunction.

Now, there are some questions here that are unanswered such as I.C.A.'s having been dissolved in West Virginia in 1980 and having been reinstated more than three years thereafter, the question being, assuming the validity of the original orders of 1911 and 1914 grandfathering in I.C.A., query, did that dissolution and subsequent three-year intervening period of time cause the grandfathering aspect to expire.

In other words, even though this plaintiff was reinstated, there might be a question in the first instance whether there was an absolute termination of the "grandfathering" orders, or in the second instance, depending on what the order of dissolution and the order of reinstatement would show, whether or not there was a continuity of the original orders.

Then, separately and apart from that there is certainly an interesting question with regard to the case of *United States v.*

*South-Eastern Underwriters Association, et al.,* 322 U.S. 533, 64 S.Ct. 1162, 88 L.Ed. 1440 (1944), *rehearing denied,* 323 U.S. 811, 65 S.Ct. 26, 89 L.Ed. 646 (1944), decision of the United States Supreme Court, and the passage and adoption of the McCarran-Ferguson Act by Congress, 20 U.S.C. 1011 and 1012, wherein Congress declared that the continued regulation and taxation by the several states of the business of insurance is in the public interest and that silence on the part of the Congress shall not be construed to impose any barrier to the regulation of taxation of such business by the several states and, of course, that could well have some application.

Plaintiff has argued that the final orders are supreme even over any subsequent act of Congress or any act of the state. The Court is not prepared to answer that question, because it is unnecessary to reach this under the circumstances presently before the Court, but it is an interesting question as to whether or not that is correct as a statement of the law. It may not be.

So, therefore, under all of the circumstances, this action is hereby DISMISSED WITHOUT PREJUDICE by reason of the fact that the Court has determined that it should abstain, and without prejudice to further proceedings in the state courts wherein the matter is now pending and/or, if appropriate, going back to the Court of original jurisdiction in its existing present status, whether it is the District Court of Delaware, the Circuit Court of the Third Circuit or the District of Columbia, whatever the statutory progression would show.