**JTH TAX, INC. d/b/a Liberty Tax, Plaintiff,**

v.

**Ronald LEE, Defendant.**

**Action No. 2:06cv486.**

United States District Court, E.D. Virginia, Norfolk Division.

Dec. 7, 2007.

---

Carl J. Khalil, Esquire, Christopher D. Davis, Esquire, Vanessa M. Szajnoga, Esquire, Virginia Beach, VA, for Plaintiff.

Ronald Lee, pro se.

## MEMORANDUM ORDER OF CONTEMPT

REBECCA BEACH SMITH, District Judge.

This matter comes before the court on plaintiff JTH Tax, Inc.'s ("JTH") motion to hold Ronald Lee ("Lee") in civil contempt and JTH's motion to hold Terri Lee in civil contempt. For the reasons set forth below, plaintiff's motions are **GRANTED.**

### I. Factual and Procedural History

The court adopts the recitation of the factual and procedural history already set forth in its Opinion and Final Order granting plaintiff's motion for summary judgment. *See JTH Tax, Inc. v. Lee,* 514 F.Supp.2d 818 (E.D.Va.2007) (the "September 21 Order"). In sum, on August 29, 2006, JTH brought suit in this court against former franchisee Lee alleging trademark infringement and breach of contract based on the termination of the franchise relationship between the parties. On September 21, 2007, this court entered an Opinion and Final Order granting in part and denying in part JTH's motion for summary judgment. The court awarded summary judgment to the plaintiff, awarded plaintiff a permanent injunction, and, following a hearing, awarded damages in the amount of $133,957.56.

On September 28, 2007, the court issued a Supplemental Final Order (the "September 28 Order") clarifying the terms of the permanent injunction. In its September 28 Order, the court ordered Lee, within seven (7) days, to comply with the terms of the permanent injunction that were set forth in the order. Lee was, at that time, obligated to comply with the post-termination obligations in the franchise agreements. These obligations, in pertinent part, include the obligation to return several telephone numbers to JTH, to return all copies of customer lists to JTH, and to abide by his post-termination obligations not to compete with JTH and not to solicit former JTH customers. *See* Sept. 28 Order at 1–2.

On October 10, 2007, JTH filed the instant motion to hold Lee in contempt, alleging that Lee has failed to comply with the terms of the court's September 28 Order. Specifically, JTH alleges Lee has violated the court's order as follows: (1) Lee has failed to transfer the phone numbers he used as a JTH franchisee back to JTH; (2) Lee has refused to return all customer files to JTH; and (3) Lee continues to operate, with his wife, Terri Lee, U.S. Tax Service, a business that prepares tax returns in competition with JTH and in violation of Lee's non-compete obligation. Lee filed a response on October 22, 2007, arguing that (1) he does not have the authority to transfer the telephone numbers back to JTH; and (2) he cannot return all customer files to JTH without exposing himself to civil liability. Lee did not respond to JTH's allegation that he is

continuing to violate the terms of the non-compete agreement. On October 29, 2007, JTH filed a rebuttal brief. On November 2, 2007, Lee filed the Second Declaration of Ronald Lee.

On October 29, 2007, JTH filed a motion to hold Terri Lee in civil contempt. On November 16, 2007, Terri Lee responded to the motion, and JTH replied on November 23, 2007. These matters are now ripe for review.

## II. Analysis

### A. Standard of Review

At the outset, the court notes that the proceeding at issue is one for civil, rather than criminal, contempt. "The basic difference between civil and criminal contempt sanctions is that civil contempt sanctions are intended 'to coerce the contemnor into compliance with court orders or to compensate the complainant for losses sustained,' while criminal contempt sanctions are intended 'to vindicate the authority of the court by punishing the contemnor and deterring future litigants' misconduct....'" *Bradley v. Am. Household, Inc.*, 378 F.3d 373, 378 (4th Cir.2004) (quoting *Buffington v. Balt. County*, 913 F.2d 113, 133 (4th Cir.1990)). A court may impose sanctions for civil contempt "'to coerce obedience to a court order or to compensate the complainant for losses sustained as a result of the contumacy.'" *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 821 (4th Cir.2004) (quoting *In re General Motors Corp.*, 61 F.3d 256, 258 (4th Cir.1995)). A finding of civil contempt must be established by clear and convincing evidence. *Id.* (internal citations omitted). The court need not make a finding that defendant's actions were willful in order to find him in contempt of court. *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191, 69 S.Ct. 497, 93 L.Ed. 599 (1949) ("[I]t matters not with what intent the defendant did the prohibited act.").

To establish civil contempt, JTH must prove the following by clear and convincing evidence: (1) the existence of a valid decree of which the alleged contemnor (Lee) had actual or constructive knowledge; (2) a showing that the decree was in the movant's (JTH's) favor; (3) a showing that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge of such violations; and (4) a showing that movant suffered harm as a result. *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 301 (4th Cir.2000) (quoting *Colonial Williamsburg Found. v. Kittinger Co.*, 792 F.Supp. 1397, 1405–1406 (E.D.Va.1992), *aff'd* 38 F.3d 133 (4th Cir.1994)).

### B. Civil Contempt Motion as to Ronald Lee

As noted by JTH, Lee's response makes clear that only the third factor of the four *Ashcraft* factors is in dispute between the parties. Lee does not claim that the September 28 Order is not final and valid, and he did not appeal the court's decision to the Fourth Circuit. Lee also clearly had knowledge of the decree; the Clerk mailed a copy of both decrees to Lee upon issuance. In addition, JTH mailed a copy of both the September 21 Order and the September 28 Order to Lee. Lee does not contend that he lacked knowledge or receipt of the court's orders at issue. The decree was in the movant's favor as the court granted JTH the requested relief, including a permanent injunction against Lee. In issuing the permanent injunction to JTH in the September 21 Order, the court found that "Lee's continuing breach of the non-compete covenant and his continued solicitation of former JTH customers constitutes irreparable injury. '[S]uch a continued breach presents Plaintiff with the high likelihood of permanent loss of former and potential customers.'" Sept. 21 Order, 514 F.Supp.2d at 825 (citing *JTH Tax, Inc. v. Donofrio*, No. 2:06cv47,

2006 WL 2796841, at *5 (E.D.Va. Sept. 26, 2006)). By any continued breach of the non-compete covenant, the harm to JTH clearly remains. Thus, the only disputed issue for the court to decide is whether Lee knowingly continues to breach the court's orders.

■ JTH has shown by clear and convincing evidence that Lee has violated the terms of the September 28 Order. Lee has failed to comply with the court's order in that Lee has not released certain phone numbers that he used as a JTH franchisee that he was obligated to release to JTH upon termination of his franchise agreement. *See* Sept. 28 Order at 1. JTH has attempted to request the telephone numbers and has been unable to do so. *See* Third Holloman decl. Oct. 29, 2007; Fourth Holloman decl. Nov. 23, 2007. JTH was told by the telephone company that it could not pick up the phone numbers because they had not been released by the prior owner. *Id.* On November 2, 2007, Lee filed a declaration in which he submitted to the court evidence that he gave up the numbers in question in May and June, 2006. *See* Second Lee decl. Nov. 2, 2007. He then admits, however, that his wife picked up two of the phone numbers for her use in operating U.S. Tax Service.[1] Because the court previously has found that Lee is operating U.S. Tax Service in conjunction with his wife, he has a continuing obligation to release these numbers. To the extent that the phone numbers are being used by either Ronald or Terri Lee, they must take appropriate steps to release these numbers to the phone company and should notify JTH once they have done so. Conversely, JTH has an obligation to request the numbers within a reasonable time of their release by the Lees.

Next, Lee has refused to comply fully with the court's order that he return *all* files to JTH. Since the original contempt motion was filed, JTH has informed the court that Lee has now substantially complied with this obligation by turning over the majority of the files. *See* Cragg decl. Nov. 23, 2007. JTH alleges, and Lee has not disputed, however, that Lee still retains electronic copies of the 2005 customer files. To the extent that he retains *any* files that contain information related to his customers when he was a JTH franchisee, Lee has an obligation to turn over these files to JTH.

Finally, JTH alleges that Lee, along with his wife, Terri Lee, continues to operate U.S. Tax Service in violation of his post-termination obligation not to compete with JTH and in violation of the September 28 Order. Lee does not dispute this fact. JTH has provided evidence in the form of a declaration from Rob Mensing, a private investigator, that U.S. Tax Service is still operating at the former JTH location in Iowa. *See* Second Mensing decl. Oct. 29, 2007. Accordingly, JTH has proven by clear and convincing evidence that Lee is in violation of the court's order of September 28 and in violation of his non-compete obligations.

---

1. Lee admits that his wife requested, and now uses at U.S. Tax Service, phone numbers (309) 736–9499 and (563) 322–3597. With respect to the third phone number at issue, (563) 386–3422, Lee alleges that he has disconnected and released this number and that this number is available. *See* Second Lee decl. Nov. 2, 2007. JTH continues to allege that the phone company refuses to release the number without the authorization of the prior owner. *See* Fourth Holloman decl. Nov. 23, 2007. Having no evidence from the phone company before it, and faced with competing factual assertions by the parties, the court finds that JTH has not met its burden to prove, by clear and convincing evidence, that Lee has violated this provision of the order. With respect to phone number (563) 386–3422, the court does not find Lee in contempt.

The court **FINDS** Ronald Lee in civil contempt of its September 28 Order and hereby **ORDERS** him to comply with all provisions of the September 28 Order immediately. Upon a finding of contempt, the court may enter sanctions in the form of a fine. The fine can be either compensatory or coercive. *United States v. United Mine Workers,* 330 U.S. 258, 303–04, 67 S.Ct. 677, 91 L.Ed. 884 (1947). The court has broad discretion to fashion an appropriate remedy to coerce compliance with the terms of the permanent injunction. *United States v. Darwin Constr. Co.,* 873 F.2d 750, 756 (4th Cir.1989). The court will give Lee ten (10) days to purge the contempt. *See SEC v. Dunlap,* 253 F.3d 768, 771 (4th Cir.2001) (granting contemnor one week during which he could purge the contempt before beginning to assess a daily fine). Lee is ordered to submit to the court, within ten (10) days of the date of this Memorandum Order, evidence that he has complied with all aspects of the court's September 28 Order. If he has not complied within that time, the court will assess a fine of $500 per day until he does so. *See Landman v. Royster,* 354 F.Supp. 1292, 1301 (E.D.Va.1973) (noting that a fine is appropriate to "impress upon the defendants the need to take all steps necessary to carry out all facets of the Court's order.").

### C. Civil Contempt Motion as to Terri Lee

In its September 28 Order, the court specifically ordered "Ronald Lee and all of his agents, employees, and all other persons in active concert or participation with him ... [t]hrough August 10, 2008, not directly or indirectly prepare or electronically file income tax returns ... within Lee's former JTH territories or within twenty-five miles of the boundary of such Territories...." Sept. 28 Order at 2. JTH alleges that, in violation of this provision, Terri Lee, Lee's wife, in active concert and

participation with Lee, has continued to operate U.S. Tax Service, a business that prepares income tax returns and that is located within Lee's former JTH territory. Terri Lee does not dispute that she is operating U.S. Tax or acting in concert with Lee; rather she responds that this court does not have jurisdiction over her because she has not had any contact with the state of Virginia such that personal jurisdiction is proper.

The mandate of an injunction runs nationwide, *Leman v. Krentler–Arnold Hinge Last Co.,* 284 U.S. 448, 451, 52 S.Ct. 238, 76 L.Ed. 389 (1932), and the violation of an injunction is cognizable in the court which issued the injunction regardless of where the violation occurred. *Stiller v. Hardman,* 324 F.2d 626, 628 (2d Cir.1963). Although the Fourth Circuit has not ruled on the issue, other courts have held that, within the United States, "[n]onparties who reside outside the territorial jurisdiction of a district court may be subject to that court's [personal] jurisdiction if, with actual notice of the court's order, they actively aid and abet a party in violating that order. This is so despite the absence of other contacts with the forum." *Waffenschmidt v. MacKay,* 763 F.2d 711, 714 (5th Cir.1985) (quoted in *Capital Source Finance, LLC v. Delco Oil, Inc.,* 520 F.Supp.2d 684, 688 (D.Md.2007)); *see also United States v. Barnette,* 129 F.3d 1179, 1185 n. 10 (11th Cir.1997); *Reebok Int'l Ltd. v. McLaughlin,* 49 F.3d 1387, 1391–92 (9th Cir.1995) (concurring with the reasoning of *Waffenschmidt* but declining to extend the holding to those residing outside of the United States). This holding is consistent with Federal Rule of Civil Procedure 65(d) which provides: "Every order granting an injunction ... is binding only upon the parties to the *action ... and upon those persons in active concert or participation with them who receive*

*actual notice of the order* by personal service or otherwise." (Emphasis added). *See also Vuitton v. Carousel Handbags,* 592 F.2d 126, 129 (2d Cir.1979) (noting that a person, not originally a party to the suit, can be held in civil contempt for violating the court's injunction if (1) he had actual knowledge of the terms of the injunction, and (2) he was acting in concert with the entity that had been enjoined).

Both of the requirements in this case have been met. Terri Lee has been served with copies of the September 28 Order. *See* Fourth Khalil decl. Oct. 29, 2007. She had actual notice of terms of the permanent injunction. Furthermore, the court found in its September 21 Order that Ronald Lee was a participant in the operation of U.S. Tax Service, and that the business was not exclusively Terri Lee's. *See* Sept. 21 Order n. 5. Rather, it is apparent that Terri Lee is aiding her husband, and violating the September 28 Order, by her continued operation of U.S. Tax Service. As noted in the September 21 Order, Terri Lee, in opening U.S. Tax Service, took over the same lease for the same building as Lee's former JTH franchise, retained the customer files from Lee's JTH franchise, used the same phone numbers as Lee's JTH franchise, and has even recruited Lee's former customers as her customers at U.S. Tax Service. *See* Sept. 21 Order, 514 F.Supp.2d at 822–23, n. 5 & n. 6. Therefore, to the extent that Terri Lee attempts to argue that she is not acting in concert with her husband in operating U.S. Tax Service, the court has already dismissed that argument and continues to find it without merit. Although Terri Lee was not a party to the original suit, she is required to comply with the court's injunction. To the extent that she fails to do so, the court has the power to hold her in contempt in order to preserve the integrity of its rulings. *See TMT N. Am., Inc. v. The Magic Touch GmbH,* 57 F.Supp.2d 586 (N.D.Ill.1999) ("The injunc-

tion of the Court is binding upon the parties-defendant and those in privity with them so that defendants may not nullify a decree by carrying out prohibitive acts through aiders and abettors although they were not parties to the original proceeding."). She can, therefore, be held in civil contempt if the court finds that she has failed to comply with the terms of the injunction.

In looking at the four-part test as enumerated in *Ashcraft,* 218 F.3d at 301, the court finds Terri Lee in contempt. In her response to JTH's motion, Terri Lee disputes only the court's jurisdiction, and does not deny her actions. The court finds that Terri Lee has violated the terms of the court's order for the following reasons: (1) she requested, and is using in her operation of U.S. Tax Service, two of the phone numbers that the court has ordered Lee to turn over to JTH; (2) U.S. Tax Service has retained electronic copies of the 2005 customer files; and (3) she continues to operate, with her husband, U.S. Tax Service, a business that is clearly operating in competition with JTH and in violation of Lee's post-termination obligations.

The court **FINDS** that Terri Lee is in violation of the court's September 28 Order. The court further **ORDERS** Terri Lee to comply immediately with the terms of the September 28 Order by: (1) giving up the rights to any telephone numbers that were formerly used by her husband in operating his JTH franchise that she is now using at U.S. Tax Service; (2) returning any remaining customer files to JTH; and (3) complying with the court's order by not operating U.S. Tax Service through August 10, 2008. Terri Lee will be given ten (10) days in which to comply with the court's order. Failure to do so will result in a daily fine of $500 per day

until she comes into compliance with the court's order.[2]

Ronald Lee and/or Terri Lee may appeal this Memorandum Order of Contempt within thirty (30) days by filing a written notice of appeal with the Clerk, United States District Court for the Eastern District of Virginia, 600 Granby Street, Norfolk, Virginia 23510.

The Clerk is **DIRECTED** to send a copy of this Memorandum Order of Contempt to Ronald Lee, Terri Lee, and counsel for plaintiff.

**IT IS SO ORDERED.**